*1371 The opinion of the court was delivered by
Watkins, J.
When this case was last before us it was decided in favor of the defendants, but on the application of the plaintiff a rehearing was granted, and hence it is before us for a second consideration.
The pleadings and substantial facts are sufficiently recited in our opinion — 10 Southern Reporter, p. 171 — and only those that are pertinent to the question on which our opinion must turn require restatement.
In our opinion there was but one of the grounds of nullity of the sale alleged that was considered or dealt with, viz.: the nullity of the assessment, as will appear from the following extract:
“ But among the grounds for the nullity of the sale it is averred that the property was not assessed in the. name of the owner, and the assessment was illegal for want of certainty in the description of the property.”
And the conclusion drawn from the evidence adduced was that “the plan of the property and the deed of the property to the defendants vary so radically from the description that it can not be identified either by numbers or by measurement. There was, in fact, no assessment of the property. This was essential to a valid sale under Act 82 of 1884 * * * There was no irregularity in the assessment which was cured by said act, because there was no assessment of the property.”
It further appears from what was said in the opinion granting a rehearing that it was granted for the specific purpose of obtaining “fuller proof as to the facts concerning the assessment and description of the property;” and such being the terms of our decree our present examination and decree must be limited to those particular issues.
Referring to the plaintiffs’ petition for rehearing we find it is distinctly grounded on the theory that they were completely taken by surprise by the finding of our opinion, to the effect that “as a fact there had been no assessment of the property at all” — they insisting that there was no such an issue in the case, and that the contention was only that there existed certain irregularities in an existing assessment; and for that reason they did not feel called upon to introduce proof of the existence of an assessment, and consequently made no such proof.
The further contention of counsel was that if the charge had been *1372 made that there was no assessment, or had the court below ruled on that point, they could have defended themselves by producing the original assessment of the property in dispute — annexing to their motion a certified copy of the Lawless assessment for the year 1878.
Taking this petition in connection with our decree, and the conclusion is clear that the rehearing was granted and the cause remanded for the purpose of enabling the parties to introduce the assessment itself, or any other evidence they might possess in reference to its illegality vel non; and the parties seem to have viewed the remanding in this light, as the only proofs offered on the new trial were certified extracts from-the assessment roll of 1878, including the assessment of Mrs. E. J. Lawless, and a certificate of research, from the office of the tax collector, showing in what manner assessments had been made in previous years. Taking the case in this situation, and we find the facts, in reference to the assessment, to be as follows, viz.: That on the roll of 1878 the property of Mrs. E. J. Lawless was thus assessed:

Name of Taxable Owner. Name of Street. No. of Lot. Measure. Value.

Mrs. E. J. Lawless....................... Canal. 26 22x114
Mrs. E. J. Lawless........................ Canal. 27 41x114 $1600
The certificate of research shows that, by a slightly different description, same has been thus assessed since the year 1869.
• To determine the legality of this assessment, and whether or not it is amenable to the complaint that is made of it in plaintiff’s petition, it will be necessary to make a comparison of it with the de-' scription of the property in the tax title and the deed of Mrs. Lawless, as well as that contained in the advertisement of the tax sale.
The following is the description given of the property in the deed of Mrs. Lawless, which was evidenced by a notarial act, bearing date June 20, 1871, and duly recorded on the day following, and accompanied by an official plan by the city surveyor, viz.:
“ Two lots of ground, with the improvements thereon, * * situated in the Second District of the city of New Orleans, in the square bounded by Oanal, Customhouse, Rocheblave and Dorgenois streets, designated by the numbers 8 and 9, on a plan drawn by Pecquet & Campos, on the 22d of October, 1864, * * the lots adjoining each other and measuring each as follows: Lot. No. 9 has twenty-seven (27) feet front on Canal street by a depth of one hundred and fourteen (114) feet between parallel lines; and lot No. 8 has forty-one (41) feet and five (5) inches front on Canal street, with nine (9) *1373 inches and seven (7) lines in width in the rear, by a depth of one hundred and fourteen (114) feet on the side adjoining lot No. 9, and of one hundred and twenty (120) feet eleven (11) inches and six (6) lines on the other side — (same) running obliquely toward Dorgenois street.”
The tax deed contains this description, viz.:
“ A certain lot of ground, with improvements thereon, situated in the second district of (the city) of New Orleans, in the square bounded by Canal, Customhouse, Rocheblave and Dorgenois streets, designated as lot No. 26, or 7 and 8, in square No. 331, said lot No. 26, or 7 and 8, measuring sixty-eight (68) feet front on Canal street by a depth of one hundred and fourteen (114) feet.”
This description is preceded by an advertisement containing a similar description, while the plaintiff’s petition follows the description contained in the Lawless title.
The striking and important defect that is apparent from a simple inspection of the original assessment that was introduced in evidence on the last trial is the erroneous designation of the property by municipal numbers — the numbers given being 26 and 27, instead of Nos. 8 and 9, as stated in the deed of Mrs. Lawless, the alleged tax debtor. It is quite evident that the description in the tax deed was intended to correct that error because it designates the municipal numbers as 26, or 7 and 8, in the alternative; but it is equally evident that it was unavailing for that purpose for the reason that a tax title must yield to the assessment and not control it. And just here the main and seriously controverted question recurs, How can the property of Mrs. Lawless be identified by the assessment as one and.the same as that which was assessed, or how could the purchasers be put in the possession of her property, as that which had been adjudicated to them under that assessment and sale?
But, even if these questions be answered in the affirmative'— though it is quite certain they can not — the description in the tax deed is insufficient, in terms, to convey more than one lot, because “lot 26, or 7 and 8,” therein described, corresponds with lot 8 of the Lawless title, and entirely omits lot 9 thereof, though erroneously reciting its front measurement to be 68 feet, in lieu of the correct measurement of 41 feet and 5 inches on Canal street; and farther erroneously reciting that it (lot 26, or '7 and 8) had a depth of 114 feet, whereas it has that depth on one side only, and is of only the *1374 width of 9 inches and 7 lines in the rear — the lot having the shape of a triangle and not that of a trapezoid.
The conclusion at which we arrived when the case was last under consideration, to the effect that the “assessment was illegal for want of certainty in the description of the property,” and upon which we rested our judgment to the effect that “ there was no assessment of the property,” has been accepted by plaintiffs’ counsel as an issue — the only remaining issue in the case — and the second trial proceeded on that theory. This is attested by their brief, in which they request us to apply the doctrine announced in the Lake and Douglass cases in reference to the description of the property as affecting the validity of the assessment. They say:
“ They are (1) that an exact and literal reproduction of the description of the owner’s deed is not necessary, because a variance or irregularity in the description will not invalidate a sale, as the object and effect of Act 82 of 1884 were to validate tax sales, notwithstanding such variance or irregularity; (2) that whatever the irregularity might be in the words or figures of the description of the property, if it be such that the property can be identified, no complaint regarding the sale could be made on account of the description.” Brief, p. 9.
The paragraph counsel have selected from our opinion in the Douglass case is the following, viz.: “The only complaint is of certain irregularities in the assessment in non-compliance with the requirements of the law under which it was made. The fact remains that an assessment was actually made by a description sufficient to identify the property, and not to mislead the owner, which is all that is required.” (Our italics.) In re Douglass, 41 An. 765.
The accepted test of that decision, as well as of counsel’s admission, seems to be that the assessment must be made by a description sufficient to identify the property and not mislead the owner, and that without such description the assessment is radically null and beyond the healing power of the act of 1884; or, in other words, the complaint of the assessment must not consist in a mere variance or rregularity in description, consisting of words or figures, not affecting the identification of the property.
In treating of this proposition we said in the Douglas case, “ there are certain requirements absolutely essential ,to constitute a valid exercise of the taxing power, without which no tax sale could be *1375 validly made ” — stating among the chief indispensable prerequisites the assessment of the property.
Accepting this theory and referring to the map or plan that is contained in the original transcript, and which was doubtless copied from the ODe that is annexed to the deed of Mrs. Lawless, it is evident that there are, in the square designated, no such municipal numbers as 26 and 27, as employed in the assessment of the property of Mrs. E. J. Lawless, for the reason that the square bounded, as it is, by Canal, Customhouse, Rocheblave and Dorgenois streets contains but fourteen (14) lots, having an average front measurement on Canal street of 27 feet each, thus making the entire front measurement 372 feet; whereas, on the theory that there were twenty-seven (27) lots in this square fronting on Canal street, there would be twice that frontage on Canal street.
But this is not the greatest error in the description given in the assessment; it is that the description that is employed in the tax title —even accepting it as curing the error of description in the assessment, for the purpose of the illustration, it being No. 26 or 7 and 8 —when compared with the plan, indicates the property to be about the middle ol the square, whereas, if there were really 27 lots instead of 14, the property would have, necessarily, to be on the corner.
It is thus completely and fully demonstrated that the description employed in the assessment is not only misleading but an impossible one, as under no circumstances could No. 26 be used eonvertibly for Nos. 7 and 8.
The case of Smith vs. City, 43 An. 726, is strictly applicable and not at variance with our opinion in this ease, for the reason that the description which was in that case held to be sufficient gave the names of the streets bounding the square, designating its number, and also gave the correct municipal number of the lot, and the correct front measurement on Julia street, less a few inches.
Had the assessment of the Lawless property been as full and complete it would have been sustained as valid.
Hence our conclusion is that the assessment of the property in dispute as that of Mrs. E. J. Lawless was and is illegal and void, on account of the description of the property being insufficient to identify it — a sufficient description to identify the property and not mislead the owner being an indispensable prerequisite to the exercise of the taxing power.
*1376 As it appears to be conceded, that the judgment appealed from was erroneously prepared and signed, as though rendered in favor of the defendants, whereas it was really and actually rendered in favor of the plaintiffs, it should for that reason be reversed, and it is so ordered, and proceeding to render such judgment as should have been rendered in the court below.
It is ordered and decreed that the tax sale under which the plaintiffs jointly claim title to the property in dispute be revoked and annulled ; that the defendants’ injunction be maintained and perpetuated without damages, and that the said defendants be quieted in their possession and enjoyment of the property as owners.
It is finally ordered and decreed that the plaintiffs, Antonio Augusti et al., be taxed with all the costs of both courts.