177 La. 749

## PROGRESSIVE REALTY CO., Inc., v. LEVENBERG.

### No. 31699.

Supreme Court of Louisiana.
May 29, 1933.

Rehearing Denied July 7, 1933.

Theo. Cotonio, Jr., and Theo. Cotonio, both of New Orleans, for appellant.

Spearing & McClendon, of New Orleans, for appellee.

O'NIELL, Chief Justice.

The defendant has appealed from a judgment annulling a tax sale of two adjacent lots in New Orleans.

Her attorneys decline to argue the merits of the case, or to discuss the question of validity of the tax title, or the prescription of three years. They complain of some of the preliminary rulings of the judge, and contend that the suit should have been dismissed on the exception of want of corporate capacity of the plaintiff, because of the failure to produce a copy of the charter of the alleged corporation, in response to a prayer for oyer. Before answering the suit, Mrs. Levenberg prayed for oyer of the plaintiff's charter, alleging that she had been informed and believed that there was no such corporation as Progressive Realty Company, Inc. The judge ordered the plaintiff to produce a copy of the charter within ten days, or suffer a dismissal of the suit; but, before the ten days had expired the plaintiff obtained a rule on the defendant to show cause why the order to produce the copy of the charter should not be rescinded; and, after a hearing of the matter, the judge rescinded his order to produce.

Mrs. Levenberg's attorneys cite and rely upon article 174 of the Code of Practice as authority for the proposition that she had the right to require the plaintiff to produce a copy of its charter—if in fact the plaintiff had a charter—before she (the defendant) could be compelled to answer the suit. The article cited is not appropriate. It provides that, if a suit be founded upon a public act, an authenticated copy of the act must be annexed to the petition. Article 175 provides that, if the title on which a demand is founded is evidenced by a document under private signature, and if the defendant prays for oyer

of the document, the judge shall order that it be filed within a reasonable time, and, in default of its being so filed, the suit shall be dismissed. But this suit is not founded upon the plaintiff's charter, in the sense in which the article of the Code refers to "the title on which the demand is founded." There was no error, therefore, and certainly no harm, in the refusal of the judge to compel the plaintiff to produce a copy of its charter at the beginning of the suit. The plaintiff did, in a way, prove its corporate existence, by producing a copy of a resolution of the board of directors of the corporation, in response to an exception filed by the defendant, challenging the authority of the attorneys who filed the suit. That plea, or exception, was disposed of by the production of the resolution of the board of directors of the corporation authorizing the attorneys to bring the suit in the name of the corporation for the account and at the expense of Mrs. Leo P. Newman, who held a mortgage on the lots for all that they were worth.

The defendant filed also a prayer for oyer of the deed by which the plaintiff acquired the lots in contest. The judge ordered the plaintiff to produce the deed; but, on a rule obtained by the plaintiff, ordering the defendant to show cause why the order to produce should not be rescinded, the judge rescinded the order to produce the deed. There was no error in the ruling, because this suit is not a petitory action, but an action to annul— or to declare null—the defendant's tax title. The deed by which the plaintiff acquired title was described accurately in the petition as being an act of sale from John D. Nix, Jr., passed before Conrad Mayer, notary public, on the 21st of February, 1929, and recorded in the conveyance office, in Book 445, folio 76. There was therefore no disadvantage to the defendant in the plaintiff's failure to produce the deed at the beginning of the suit.

After the pleas and exceptions which we have referred to were overruled, the defendant filed an exception of no cause or right of action. Three months afterwards the exception was heard and overruled. No argument has been made in support of the exception, nor suggestion as to what it was based upon. The petition did set forth a cause of action, in that it set forth two grounds, either one of which, if true, would be a sufficient cause for annulling the defendant's tax title.

In overruling the exception of no cause or right of action, the judge allowed the defendant a delay of ten days in which to file an answer. Under the rules of the court (Rule IX, § 9) she had two days in which to answer; hence the judge's order gave her eight days' grace. She came into court again on the last day of the ten days allowed her for answering the suit, and, instead of filing an answer, filed only a plea of prescription of three years, under the second paragraph of the eleventh section of article 10 of the Constitution, declaring that no sale of property for taxes shall be set aside for any cause, except on proof of previous payment of the taxes for which the property was sold, unless the proceeding to annul is instituted within three years from the date of recording of the tax deed. On motion of the attorneys for the plaintiff, the judge ordered the plea of prescription to stand as an answer to the suit, and ordered the case placed upon the trial docket. The defendant then obtained a rule on the plaintiff to show cause why the ordering of the plea of prescription to stand as an answer should not be rescinded; but, on trial of the rule, it was recalled, and the case was assigned for trial. On the day on which the case was to be tried, the defendant applied to this court for writs of certiorari and prohibition, to prevent the trial, on the ground that no answer had been filed nor default entered. We refused to issue the writs, on the ground that the defendant's remedy, if any she had, was by way of an appeal from the final judgment to be rendered in the case if it should go against her. The case was then again assigned for trial; and, on the day on which it was to be tried, it was reassigned, by consent of the parties, to a date two weeks later; and, when it was then called for trial, the attorneys for the defendant again protested against going to trial, on the ground that no answer had been filed nor default entered. The judge overruled the objection, and the case was then tried on the issue tendered by the defendant's plea of prescription of three years.

The causes of nullity alleged in the plaintiff's petition were, first, that the owner of the property, Dr. Herbert H. Meyer, offered promptly to pay the taxes for 1925 on all of the property owned by him, being three adjacent lots, but, by an error of a clerk in the tax collector's office, a receipt was given for the taxes on only one of the lots; second, that there was no notice of delinquency served upon the owner of the property; and, third, that the description of the property in the defendant's tax deed was not a description of the property belonging to the plaintiff, or of the property belonging to the alleged tax debtors, Felix P. Godelfer and his wife, at the time of the assessment, and was not such a description as could possibly identify the property of the plaintiff, which was the property of the alleged tax debtors, Felix P. Godelfer and wife, at the time of the assessment.

On the trial of the case, the plaintiff proved that the failure of Dr. Herbert H. Meyer to pay the taxes on two of the three lots owned by him, for the year 1925, for the taxes of which year the two lots were sold to Mrs. Levenberg on the 19th of November, 1926, was the result of an error on the part of a clerk in the tax collector's office, in issuing a receipt for the taxes on only one of the three lots owned by Dr. Meyer. The fact, how-

ever, is that Dr. Meyer did not pay the taxes assessed against two of the lots for the year 1925, but paid the taxes assessed against only one of the three lots. He bought the three lots from Felix P. Godelfer and his wife, Mrs. Wilhelmina Ziegan Godelfer, on the 26th of November, 1925, and assumed the payment of the taxes for that year. Dr. Meyer sold the three lots to John D. Nix, Jr., on the 9th of February, 1927; and Nix sold them to the plaintiff on the 21st of February, 1929. The sale made by Dr. Meyer to John D. Nix, Jr., was for $9,500, of which only $500 was paid in cash, and a note for $9,000, secured by a mortgage and vendor's lien on the lots, was given to represent the balance of the price, and was immediately bought by Dr. Meyer's mother, Mrs. Leo P. Newman. The fact that the property had been sold for taxes was not discovered or known by Godelfer or his wife, or by Dr. Meyer, or Nix, or Mrs. Newman, or the plaintiff, until April, 1930.

■ The defendant's complaint of the judge's ordering her plea of prescription to stand as an answer to the suit is not well founded, especially because the defendant did not offer to file an answer. She had more than a month in which to tender an answer after the judge had ordered her plea of prescription to stand as an answer. But she preferred to rely upon what she believed to be her right to have her plea of prescription disposed of before answering the suit. The ordering of the plea to stand as an answer was as harmless, and was in effect the same, as if the judge had referred the plea of prescription to the merits, or had ordered it tried with the merits. In fact, it has been held to be better practice to refer a plea of prescription to the merits, instead of hearing it separately, when the plea requires the taking of testimony, in a suit for title to real estate. City of New Orleans v. Salmen Brick & Lumber Co., 135 La. 828, 66 So. 237.

■ On the merits of the case, we find that the first cause of complaint, that Dr. Meyer's failure to pay the taxes for 1925 on two of his three lots was the result of an error on the part of a clerk or deputy in the tax collector's office, does not make the tax sale void, or furnish a cause for annulling it. If Dr. Meyer had paid the taxes on all three lots, the fact that the clerk or deputy in the tax collector's office receipted for the taxes on only one of the lots would not have allowed the tax collector to sell the two other lots. But the fact is that Dr. Meyer paid only the amount of the taxes on one of the lots; and his failure to pay the taxes on the two other lots was due to his neglect to read the description on the tax receipt which the clerk in the tax collector's office gave him.

■ It is true that there was no notice of delinquency served upon Dr. Meyer, who owned the property when the taxes became delinquent, or upon either of his predecessors in title, Felix P. Godelfer or his wife, in whose name the lots were assessed. The failure of service of a notice of delinquency would be a sufficient cause for annulling the tax sale, but for the plea of prescription. It is well settled that an action founded upon that cause for annulling a tax sale is barred by the prescription of three years, unless the tax debtor has remained in actual possession of the property. The plaintiff in this case undertook to prove that Dr. Meyer was in actual possession of the property, and remained in possession after the sale of the property for taxes; but the evidence fell short of such proof. The three lots were vacant and unfenced and were not occupied or used in any way by any one until Mrs. Levenberg had three men to undertake to erect a fence around the lots, in April, 1930, more than three years after the recording of the tax sale. This suit was filed on the 30th of March, 1931, more than four years after the tax sale was recorded. Dr. Meyer had civil possession of the three lots, in that he paid the taxes on them promptly and regularly, subsequent to the taxes for 1925, and listed the property for sale with a real estate agent, who kept a "For Sale" sign on the property during the greater part of the time after the tax sale, and afterwards John D. Nix, Jr., and, in turn, the plaintiff, had the same character of possession of the lots. But it is well settled that the only character of possession on the part of the owner, whose property has been sold for delinquent taxes, that will prevent the running of the prescription of three years against an action to annul the sale, is actual, physical possession. Civil possession will not suffice, even though it commenced with actual possession. Tensas Delta Land Co. v. Anders, 158 La. 94, 103 So. 522; Levenberg v. Shanks, 165 La. 419, 115 So. 641; Federico v. Nunez, 173 La. 957, 139 So. 18. We conclude, therefore, that the plaintiff's suit, in so far as it is founded upon the want of notice of delinquency of the taxes for which the property was sold to the defendant, is barred by the prescription of three years.

■ The want of a sufficient description of the property in the tax deed to identify it as the property that belonged to the tax debtor at the time of the assessment for the taxes for which the property was sold is a cause of nullity for which the action to annul the tax sale is not barred by the prescription of three years. The reason for that is that a tax deed without a description by which a particular piece of property can be identified is no deed at all; and a deed describing one piece of property cannot convey title to another or different piece of property. Gibson v. Hitchcock, 37 La. Ann. 214; Augusti v. Lawless' Heirs, 45 La. Ann. 1370, 14 So. 228;

Gulf State Land & Improvement Co. v. Fasnacht, 47 La. Ann. 1294, 17 So. 800; Scott v. Parry, 108 La. 11, 32 So. 188; Levy v. Gause, 112 La. 799, 36 So. 684; Posey v. City of New Orleans, 113 La. 1059, 37 So. 969; Succession of Sallier, 115 La. 97, 38 So. 929; Terry v. Heisen, 115 La. 1080, 40 So. 461; Crillen v. New Orleans Terminal Co., 117 La. 354, 41 So. 645; Shelly v. Friedrichs, 117 La. 679, 42 So. 218; Lewis & Co. v. Brock, 123 La. 1, 48 So. 563; Guillory v. Elms, 126 La. 560, 52 So. 767; Brock v. E. McIlhenny's Son, 136 La. 903, 67 So. 951.

■ On the trial of this case, the plaintiff undertook to prove, and, as far as the evidence went, did prove, that the description in the defendant's tax deed did not describe or identify the property, or any part of the property, which was owned by the tax debtors, Felix P. Godelfer and wife, at the time of the assessment, and which was afterwards sold by them to Dr. Herbert H. Meyer, and by him to John D. Nix, Jr., and by him to the Progressive Realty Company, plaintiff in this suit. The three adjacent lots which Felix P. Godelfer and wife sold to Dr. Herbert H. Meyer on the 26th of November, 1925, and which Dr. Meyer sold to John D. Nix, Jr., on the 9th of February, 1927, and which Nix sold to the Progressive Realty Company on the 21st of February, 1929, are in the square bounded by State Street Drive, Fontainebleau Drive, Calhoun Street, and Claiborne Avenue, and are at the southwest corner of the intersection of State Street Drive and Fontainebleau Drive, being on the west side of State Street Drive and on the south side of Fontainebleau Drive. The tax deed in contest calls for a piece of ground "in square bounded by State Street Drive and Fontainebleau Drive, continued to Breedlove Street." Inasmuch as there are four squares that are bounded by State Street Drive and Fontainebleau Drive, the land described in the tax deed might be in any one of the four squares, and might be located in any part of any one of those squares. It is said in the description that the land is designated as lots 2 and 3 in "Square No. Folio 118 BD," and that it measures 62 feet and 6 inches front on State Street and 84 feet and 6 inches in depth. There is no explanation as to what is meant by "Square No. Folio 118 BD." The measurements given are very near but not exactly the same as the measurements of two of the plaintiff's lots, facing State Street Drive and bounded on the north side by Fontainebleau Drive. But the expression "in square bounded by State Street Drive and Fontainebleau Drive, continued to Breedlove Street," indicates that the lots intended to be described are in one of the two squares on the north side of Fontainebleau Drive and on either side of what is called "State Street Drive Extension." The expression "continued to Breedlove Street," in the tax deed, cannot refer to Fontainebleau Drive, because that drive is parallel—or nearly parallel—with Breedlove Street, and is exactly 1,638.65 feet south from the end of Breedlove Street projected. The expression "continued to Breedlove Street" seems to refer to State Street Drive, because State Street Drive has been extended or continued northward beyond Fontainebleau Drive, to a point opposite and near the end of Breedlove Street, and the extension or continuation of State Street Drive, north of Fontainebleau Drive, is generally known as State Street Drive Extension.

The attorneys for the plaintiff, on the trial of this case, introduced the testimony of a civil engineer, who is assistant city engineer, and who testified with reference to a plan of survey made by him, showing the location of the plaintiff's lots with reference to Fontainebleau Drive, State Street Drive, and the Extension of State Street Drive. When the attorneys for the defendant sought to cross-examine the witness, the attorneys for the plaintiff objected, on the ground that the defendant had not filed or tendered an answer to the suit, other than the plea of prescription; and the judge sustained the objection. The defendant therefore was denied the right to offer evidence to contradict the plaintiff's evidence to the effect that the property which the plaintiff acquired, through mesne conveyances, from Felix P. Godelfer and wife, could not be identified by the description in the defendant's tax deed. Our opinion is that the judge erred in forbidding the defendant to offer evidence, or to cross-examine the plaintiff's witnesses, on that subject. The plaintiff tendered the issue as to whether the property claimed could be identified by the description in the defendant's tax deed; and surely the defendant's plea of prescription, standing as an answer to the suit, was not an admission that the property claimed by the plaintiff could not be identified by the description in the defendant's tax deed. Our conclusion, therefore, is that the case must be remanded to the civil district court for a new trial of the question whether the defendant's tax deed is null for want of a description of the property owned by Felix P. Godelfer and wife at the time of the assessment, and acquired by the plaintiff, through mesne conveyances, from Felix P. Godelfer and wife.

The case is ordered remanded to the civil district court for a new trial of the question whether the defendant's tax deed is null for want of a description of the property that was owned by Felix P. Godelfer and wife at the time of the assessment of the property for the taxes of 1925. The costs of this appeal are to be borne by the appellee, Progressive Realty Company, Inc. The question of liability for other court costs is to abide the final decision of the case.