PONDER, Justice.
The plaintiff brought suit against the defendant seeking to have a tax sale decreed null and void. A plea of peremption of five years was interposed by the defendant which was sustained by the lower court and the plaintiff’s suit was dismissed. The plaintiff has appealed.
The plaintiff alleged in his petition that Mrs. J. M. Nattin, wife of J. Hall Nattin, Sheriff of Bossier Parish, purchased at tax sale the N% of the NW% of Section 15, T. 23 N, R. 13 W. situated i,n Bossier Parish for the unpaid taxes for the year 1929 by instrument recorded in Volume 100 at page 564 of the .Conveyance Records of Bossier Parish; that the tax sale is null and void; that Mrs. Nattin purchased the property for the benefit of the community existing between her and her husband as is shown by her succession proceedings and that of her husband wherein the property was listed as community property; that the defendant is-the sole heir of Mr. and Mrs. Nattin and was sent into possession of the succession by judgment of court; that under the laws of Louisiana, and particularly Act No. 94 of 1902, it was unlawful for Nattin, the sheriff, to purchase the property in his wife’s name; that the defendant has leased the said property; that the petitioner owes the defendant the amount of taxes she has paid o,n the property and that the petitioner is entitled to an accounting for all sums received by defendant as fruits and revenues from said property. The plea of peremption filed by the defendant was disposed of on the face of the petition.
*57 The appellant contends that the purported tax sale was null and void ab initio and is therefore not susceptible to perem-ption. In support of his contention he cites Act No. 94 of 1902, now R.S. 47:-2194, which reads as follows:
“It is unlawful for any sheriff, tax collector or their deputies or any other officer, state, municipal or parochial, whose duties are to assess or collect taxes of any nature whatsoever for the state, parish or municipality, to buy either directly or indirectly, any property, movable or immovable, sold or offered for sale, for taxes; any sale of such property to such an officer shall be null and void.”'
The plea of peremption is based on Section 11 of Article 10 of the Constitution of Louisiana of 1921, as amended, which reads as follows:
“No sale of property for taxes shall be set aside for any cause except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted within six months from service of notice of sale, which notice shall not be served until the time of redemption shall have expired and within five years from the date of the recordation of the tax deed, if no notice is given.”
This constitutional peremption applies to all tax 'sales' except those specifically excepted therein and those where the tax debtor remains in corporeal possession of the premises. The language used is very broad. This constitutional provision announces the public policy of this State to set at rest tax titles once and for all.
In the case of Close v. Rowan, 171 La. 263, 130 So. 350, this court sustained a plea of peremption to a tax sale to a deputy assessor made in prohibition of Act No. 94 of 1902 wherein it was pointed out that the tax sale did not come within the exceptions established by the Constitutions of 1898, 1913 and 1921. The holding in that case is decisive of the issues herein presented. The authorities cited by the appellant refer to judicial sales made in violation of a prohibitory law. These authorities are not pertinent because there is no provision in the constitution perempting them.
For the reasons assigned, the judgment is affirmed at appellant’s cost.
LE BLANC, J., recused.