LOTTINGER, Judge.
This litigation originated in the form of a monition proceeding filed by Homer Melton seeking confirmation of a tax sale held on July 7, 1948. It appears that in 1946 one Pearl Kennedy was the owner of two lots, being Nos. 14 and 15 of Square No. 42, South Baton Rouge, and that by act dated June 30, 1947 and recorded July 1, 1947 in Conveyance Book No. 720, Folio 45 of the Conveyance Records of the Parish of East Baton Rouge the two lots were sold to one *331 H. R. Baranco for unpaid taxes for the year 1946. Apparently the taxes for the year 1947 were not paid, as on July 7, 1948 by act recorded in Conveyance Book No. 776, Folio 100 of the Conveyance Records of the Parish of East Baton Rouge, the property was sold to Homer Melton.
The monition proceedings were filed on July 25, 1952. ' On May 11, 1953 Pearl Kennedy intervened in these proceedings alleging that she was a former owner of the property and that the tax sale to Melton was null and void for several reasons. She alleged further that she had “begun steps to recover the said property from the heirs of H. R. Baranco, who is now deceased” and prayed that Melton’s demands be rejected and the tax sale to him of 1948 be annulled.
On May 11, 1953 Pearl Kennedy instituted Suit No. 46,107 against Melton, being a direct attack against the 1948 tax sale. She set up various grounds of nullity and set forth that she was a former owner of the property and had “an interest in setting aside the said tax sale to Homer Melton”. In the monition proceeding Melton filed a rule for judgment on the pleadings, and in the direct action filed exceptions of no right and no cause of action, vagueness, misjoinder of parties and lis pendens. Subsequently, on September 30, 1953, an act purporting to assign to Pearl Kennedy the interest of the heirs of H. R. Baranco was placed of record as Original No. 1, Bundle No'. 3199 of the Conveyance Records of the Parish of East Baton Rouge. Pearl Kennedy then offered to amend her petitions in both suits in order to show her interest in setting aside the tax sale based on the assignment just referred to. The amended petitions were not allowed by the Court below and the matter is now before us on appeals taken by Pearl Kennedy from judgments in favor of Melton on the rule for judgment on the pleadings in the monition suit and sustaining the exceptions of no cause and no right of action in the direct suit.
Article X, § 11 of our Constitution of 1921 provides for a period of five years within which a tax debtor may attack a tax sale of his property. The original tax sale to Baranco was held on June 30, 1947 and the opposition to the monition proceedings was not filed until May 11, 1953. It appears clear, therefore, that Pearl Kennedy had lost all rights which she may have had to attack the sale by virtue of her prior ownership. As was said by Justice Mc-Caleb in the case of Cortinas v. Murray, 224 La. 686, 70 So.2d 589, 591:
“But, above this, even if it be assumed that there were defects in the tax title, they were cured by the per-emption of five years prescribed by Section 11 of Article 10 of the Constitution. This peremption, as stated in our recent decision of King v. Moresi, 223 La. 54, 64 So.2d 841, 842, ‘announces the public policy of this State to set at rest tax titles once and for all/ It applies to' all tax sales, save those in which there is proof of prior payment of the taxes for which the property was sold and in cases where the owner has remained in corporeal possession after the sale.”
There is no allegation in either the intervention or the direct action alleging prior payment of the taxes for which the prop>-erty was sold nor the tax debtor being in corporeal possession of the property after the sale.
Having concluded that Pearl Kennedy had, as of May 11, 1953, lost her right to attack the sale by virtue of her prior ownership, it necessarily follows that the only possible other source of a right to attack the sale would be by having acquired an interest from someone who actually had an interest. This, however, she has utterly failed to do, as her pleadings reflect that she had merely “begun steps” to recover the property from the heirs of Baranco, which is certainly insufficient to reflect such an interest as to have a standing in court. We conclude, therefore, that under the pleadings as originally instituted, the judgments of the lower court are correct.
The remaining question concerns the purported assignment or quitclaim recorded on September 30, 1953 and the supplemental pleadings which Pearl Kennedy *332 sought to file showing' where she had acquired an interest by virtue of the transfer of the Baranco interest to her. The appel-lee takes the position that the trial judge was correct in refusing to allow the filing of the amended pleadings as they would not meet the requirements of C.P. Art. 419 in that they would change thhe substance o.f the demand, i. e., though Pearl Kennedy’s original actions were based on her rights as prior owner her supplemental pleadings seek to establish rights as the transferee of the Baranco heirs.
A careful review of the pleadings convinces us that this view is correct. The petitions in both suits seek to establish rights based on prior ownership and the one reference made in the monition proceeding with reference to the Baranco claim appears to be ancillary in nature. This being the case it is clear that the claim upon which supplemental pleadings are based is one which would “change the substance of the demand” and hence there was no abuse of discretion on the part of the trial judge in refusing to allow same. For the reasons assigned the judgment appealed from is affirmed.
Judgment affirmed.