McCALEB, Justice.
 

 This suit involves the ownership of 14 acres of land in Block No. 6 of Oakdale Subdivision, which is located in the rear of the City of Gretna, Parish of Jefferson.
 

 The record reveals that Verret Lands, Inc., the former owner of Oakdale Subdivision, sold the land in contest, together with other property, to Mrs. William Winans Wall on August 24, 1931. On October 26, 1931, a large tract belonging to Verret Lands, Inc. was adjudicated to the State for unpaid taxes of 1930, the property sold by Verret Lands, Inc. to Mrs. Wall being specifically excluded from this adjudication. On January 6, 1933 Mrs. Wall sold her property in Oakdale Subdivision to City Farms, Inc. and, on December 31, 1935, the land in contest and other land assessed to City Farms were adjudicated to the State for nonpayment of taxes for the year 1934 by instrument registered January 3, 1936.
 

 Thereafter, one Alvin F. Higgins, Jr., having made application for the purchase of unredeemed property as provided by law (Acts 237 of 1924 and 151 of 1926), caused the Register of the State Land Office to
 
 *110
 
 advertise for sale 57)4 acres in the Oak-dale Subdivision, which included therein the property in controversy. At the sheriff’s sale, held at Gretna on October 4, 1941 pursuant to the advertisement, Higgins purchased the property and, on October 24, 1941, he was issued a patent for the 57)4 acres which, as aforesaid, included by specific description the land in suit.
 

 On November 3, 1941, Higgins sold the 14 acres involved here to Mrs. Amelia Fiedler Hill, one of the plaintiffs, and she and her husband claim continuous corporeal possession of the land by using it for the grazing of cattle and civil possession by the payment of all taxes from date of acquisition.
 

 On March 21, 1947, City Farms, Inc. attempted to redeem from the State the 14 acres in Block 6, together with other property in the Oakdale Subdivision, which had been adjudicated to the State for nonpayment of 1934 taxes, and obtained from the Register of the State Land Office a certificate of redemption.
 

 In 1953 City Farms, Inc. was dissolved voluntarily and liquidated by Fort Pipes and, on December 29, 1953, he transferred all the corporate assets to his wife, Mrs. Elizabeth King Pipes, allegedly sole stockholder of the Company. Included in this transfer was the acreage in dispute and, upon learning of this claim, Mr. and Mrs. Hill instituted this jactitory action alleging their undisputed possession of the property as owner since their acquisition from Higgins in 1941 and praying that defendants, Mr. and Mrs. Fort Pipes individually, and Fort Pipes as liquidator of City Farms, Inc., be ordered to disclaim any interest in the 14 acres or to assert their right, title or interest.
 

 Defendants, taking the position that plaintiffs’ suit was in reality a petitory action, presented in limine an exception of vagueness in which they sought to have plaintiffs set forth their chain of title to the disputed land. . The exception was overruled and defendants answered, claiming ownership of the land as successors of City Farms, Inc. by virtue of the certificate of redemption secured by the corporation in 1947.
 

 Following a trial on the issue of title asserted by defendants’ answer, there was judgment recognizing plaintiffs as the lawful owners of the property. Defendants have appealed.
 

 Counsel for defendants have initially re-urged in this Court their exception of vagueness. They assert that plaintiffs have combined a jactitory action with a petitory action and, therefore, they should be considered as having renounced the possessory (in this case jactitory) action in view of Articles 54 and 150 of the Code of Practice.
 

 The predicate of this argument is erroneous, we think, as an examination of plain
 
 *112
 
 ■tiffs’ petition discloses that their action is solely one for slander of title. While it is true that they pray, among other things, for a judgment decreeing them to be the lawful owners of said property, this prayer is merely an alternative conditioned upon the
 
 assertion
 
 by defendants of some right, title or interest in tbe property.
 
 [1]
 
 Hence, since plaintiffs did not put title at issue in their petition, the exception of vagueness directed against their failure to plead their chain of title was properly overruled.
 

 Defendants, alleging title in their answer, have converted the suit to a petitory action and, therefore, must recover on the strength of their own title and not on the weakness of that of their adversaries. Waterman v. Tidewater Associated Oil Co., 213 La. 588, 35 So.2d 225 and authorities there cited. We think it clear that defendants have not met this burden; indeed, it would appear that they have no title at all to the land in dispute.
 

 Defendants’ claim of a title stems from the certificate issued in 1947 by the Register of the State Land Office in which the property, adjudicated to the State with other property in 1934 for non-payment of taxes assessed to City Farms, Inc., was purportedly redeemed by the corporation. But this belated redemption was an absolute nullity, insofar as the land in suit is concerned, because that land was not subject to redemption as the State had already conveyed it to Higgins in 1941 under a patent valid
 
 on its
 
 face.
 

 Property adjudicated to the State may be redeemed as a matter of right at any time during three years from the date of the adjudication or tax sale, as provided by Section 11 of Article 10 of the Constitution, absolute title not vesting in the State until the expiration of that term. Westwego Canal & Terminal Co. v. Lafourche Basin Levee District, 206 La. 270, 19 So.2d 133. And, even after the three year period has elapsed, tax-debtors or other interested persons are permitted by law to redeem property adjudicated to the state “ * * * as long as the title thereto is in the state or in any of its political subdivisions, or if not heretofore contracted to be sold by such subdivisions, * * R.S. 47:2224, See Police Jury of Parish of Jefferson Davis v. Grace, 182 La. 64, 161 So. 22 and State ex rel. Hodge v. Grace, 191 La. 15, 184 So. 527.
 
 [2]
 
 But it is too plain for argument that, once the State has parted with title following the expiration of the redemptive period, a state officer cannot effect a restoration of
 
 *114
 
 ownership in the tax debtor by-the issuance of a certificate of redemption.
 

 ■ Defense counsel, however, contend that the patent issued by the State to Higgins in 1941 was invalid because it is stated therein that the property conveyed was adjudicated to the State for unpaid taxes of 1930 in the name of Verret Land Company when, in truth, only part of the land was so adjudicated, the property in suit (although adequately described in the patent) having been adjudicated for unpaid taxes of 1934 in the name of City Farms, Inc.
 

 There is no merit .in this contention. The State was absolute owner of all the lands, which are described in the patent and, hence, had the right to sell them. The fact that it was erroneously stated in the patent that the land in suit was adjudicated to the State in 1930 instead of 1934 did not render the sale null and it is doubtful that the State itself could have successfully assailed its patent (by direct suit filed timely) in the absence of a showing that the amount for which the property was sold was less than the minimum price for which it was adjudicated, as required by R.S. 47:2189. But, not even the State could now be heard to question the validity of the Higgins patent, for that patent, duly signed by the Governor and the Register of the State Land Office, became unassailable after six years from the day of its issuance by virtue of R.S. 9:5661 (formerly Act 62 of 1912). See Atchafalaya Land Co. v. F. B. Williams Cypress Co., 146 La. 1047, 84 So. 351; Atchafalaya Land Co. v. Dibert, Stark & Brown Cypress Co., 157 La. 689, 102 So. 871 and a host of other cases holding that Act 62 of 1912 is a statute of repose.
 

 The judgment appealed from is affirmed.
 

 [1]
 

 . The prayer reads “ * * * there be judgment in favor of petitioners and against all such defendants, * * * who assert any right, title or interest in and to the above described property,
 

 [2]
 

 . And see also Emery v. Orleans Levee Board, 207 La. 386, 21 So.2d 418, holding that dedication of adjudicated lands to public use precludes redemption by tax debtors.