McBRIDE, Judge.
On February 14, 1933, Lots Nos. 28 to 54 in Square No. 43 and Lots Nos. 13 to 22 in Square No. 54, Fifth District of the City of New Orleans, were adjudicated to the *25 State of Louisiana for unpaid state taxes for the year 1931 on assessments to E. W. Vacher, said adjudications being registered February 16, 1933, Conveyance Office Book 474 folio 1. Neither the tax debtor nor anyone holding under him ever had corporeal possession of the property.
On September 9, 1955, Victor J. Thiber-ville (since deceased) purchased at a Sheriffs sale from the State of Louisiana held in New Orleans under the provisions of LSA-R.S. 47:2189 said Lots Nos. 28 to 54 in Square No. 43, and in confirmation thereof Patent No. 18039 (Record of Patent Vol. 46 page 282) of the State of Louisiana dated September 21, 1955, was issued to said purchaser and same is registered Conveyance Office Book 603, folio 340.
On November 18, 1955, Thiberville purchased at a Sheriff’s sale from the State of Louisiana held in New Orleans under the provisions of LSA-R.S. 47:2189 said Lots Nos. 13 to 22 in Square No. 54, and in confirmation thereof Patent No. 18069 (Record of Patent Vol. 46, page 312) of the State of Louisiana dated November 30, 1955, was issued to said purchaser and same is registered Conveyance Office Book 607 folio 431.
Both mentioned patents are signed by the then Governor of the State and Register of State Land Office.
On June 19, 1962, the widow of Victor J. Thiberville, who acquired the above property from his succession, brought this suit under LSA-R.S. 47:2228.1 against E. W. Vacher to quiet her titles. At the time of the filing of the suit E. W. Vacher was deceased, but his children and sole heirs appeared and answered the suit, and in an attempt to resist plaintiff’s demand are urging that the tax sale adjudications to the state are null and void because the tax debt- or was not served with notices of delinquency and further that the patents issued by the state to Victor J. Thiberville are null and void for the reason that the Sheriff’s sales at which Thiberville purchased were not advertised for thirty days as provided by LSA-R.S. 47:2189.
After a trial, plaintiff prevailed and the patents were duly confirmed; from the judgment the Vacher heirs have .prosecuted this present appeal.
 Even if there were no notices of delinquency served on the tax debtor, the adjudications to the state for unpaid taxes for 1931 are now unassailable by virtue of the prescription supplied by Art. X, § 11, Const. 1921, L.S.A., which provides that no sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted within five years from the date of the recordation of the tax, deed. This prescription runs in favor of the state and enures to the benefit of a purchaser from the state. Baldwin Lumber Co. v. Dalferes, 138 La. 507, 70 So. 493; Maisonneuve v. Dalferes, 138 La. 527, 70 So. 500; Quaker Realty Co., Ltd. v. Purcell, 134 La. 1022, 64 So. 894; In re Quaker Realty Co., 127 La. 208, 53 So. 526. A suit to annul a tax sale on the specific ground of failure to serve notice of delinquency is barred by such constitutional prescription. Progressive Realty Co., Inc. v. Levenberg, 177 La. 749, 149 So. 444; Hart Land & Improvement Co., Limited v. Kelly’s Heirs, 145 La. 349, 82 So. 366; Doll v. Montgomery, La.App., 58 So.2d 573.
The constitutional provision limiting the time for commencing proceeding to annul a tax sale announces the public policy of the state to set at rest tax titles once and for all and applies to all tax sales except those specifically excepted therein and those where the tax debtor remains in corporeal possession of the premises. King v. Moresi, 223 La. 54, 64 So.2d 841.
 Even if the advertisements of the public sales at which Thiberville purchased did not conform to the requisites of the law, such defect is cured by the prescription supplied by LSA-R.S. 9:5661 which provides that all actions to annul any patent issued by the state, duly signed by the *26 ■Governor and Register of the State Land Office, and of record in the State Land Office, are prescribed by six years, reckoning from the date of the issuance of the patent. The patents before us antedate plaintiff’s demand by more than six years. LSA-R.S. 9:5661 is a statute of repose and the prescription applies to patents such as are involved in this case. See Fiedler v. Pipes, 236 La. 105, 107 So.2d 409, in which the Supreme Court said that the patent becomes unassailable after six years from the date of issuance and not even the state can question its validity.
The judgment appealed from is affirmed.
Affirmed.