REGAN, Judge.
Plaintiff instituted this suit to confirm and quiet a tax title to certain unimproved land, designated as lots 1 through 5 in block 31 of the Metairie Nursery Subdivision, located in Jefferson Parish, Louisiana, which property was adjudicated to the State of Louisiana for unpaid taxes on December 20, 1932, and sold to plaintiff on December 23, 1954, at public sale. Plaintiff named as defendants the heirs of George W. Gon-net, in whose name the property was adjudicated to the state. Later, plaintiff amended his petition to add the name of Mrs. Gertrude Murray as a defendant therein, predicated on the fact that she purchased the property from Gonnet on July 14, 1931.
No answer was filed by the Gonnet heirs. However, Mrs. Murray answered and asserted that she purchased the property from Gonnet on July 14, 1931; that 1931 taxes were assessed in the name of George Gon-net only; and that she did not receive a notice of a tax delinquency, of a proposed tax sale, of an adjudication to state in 1932, or of the sale to plaintiff in 1954. She further stated that the same property was again adjudicated to the state in 1932 and that she redeemed the property from this sale on December 30, 1938.
Mrs. Murray also filed a third-party petition against plaintiff and the sheriff of Jefferson Parish in which, after reiterating the foregoing facts, she explained that she had paid all of the taxes from 1932 to 1962, and, therefore, requested the rendition *842 of a judgment annulling the sale to the plaintiff and recognizing her as owner of the property.
Plaintiff filed an exception to the third-party petition based on the prescription or peremption of five years contained in Sec. 11 of Art. 10 of the Constitution of 1921, LSA.
The lower court, who simultaneously considered both the merits and the exception, concluded therefrom that the defendant’s right to annul the tax sale was precluded by the prescription or peremption of five years, and accordingly rendered judgment confirming plaintiff’s tax title. From the foregoing judgment, the defendant has prosecuted this appeal.
The record reveals that the defendant purchased the lots, which form the subject matter of this litigation, from George W. Gonnet on July 14, 1931. The taxes for 1931 were assessed in the name of Gonnet, and the property was adjudicated in his name to the State of Louisiana for unpaid 1931 taxes on December 20, 1932. No notice of this sale was given to the defendant, in spite of the fact that she was the record owner of the property at the time. On December 23, 19S4, the state sold the same property to plaintiff, who was duly issued state Patent No. 17,910. Again, no notice of this sale was given to defendant.
The same property was also adjudicated to the state for unpaid 1932 taxes on November IS, 1933. Defendant received notice of this sale and redeemed the property on December 30, 1938, receiving a Redemption Certificate, recorded December 29, 1939.
The record reveals that the defendant paid the taxes on this property from 1932 to the date of the trial and that the plaintiff paid identical taxes from 1955 through 1962, the last tax year which occurred before the trial hereof.
The two questions posed for this court’s consideration are whether the defendant’s right to attack the sale by the state to the plaintiff is precluded by the prescription or peremption of five years, and whether the Certificate of Redemption issued to the defendant in 1938 prevented the state from granting a patent on the same land to the plaintiff in connection with his purchase of the property in 1954.
 Assuming arguendo that no notice was served on the defendant as the record owner of the property, the 1932 adjudication to the state for unpaid taxes for 1931 is now unassailable by virtue of Art. 10 of Sec. 11 of the Constitution of 1921, which provides that no sale of property for taxes shall be annulled for any cause, except upon proof of payment of the taxes for which the property was sold before the date of the sale, unless the proceeding to annul is instituted within five years from the date of the recordation of the tax deed. This prescription runs in favor of the state and inures to the benefit of a purchaser from the state.[1] A suit to annul a tax sale on the specific ground of failure to serve notice of delinquency is barred by such constitutional prescription or peremption.[2]
Defendant insists that the rationale emanating from the case of Ryals v. Todd,[3] represents the authority for her assertion that the five year constitutional prescription or peremption does not preclude a suit for annulment of a tax sale if notice of such sale was not given to the record owner of the property. A careful analysis of this case, however, reveals that the ratio deci-dendi thereof did not turn upon the question of prescription or peremption, and we fail to appreciate how it could stand for the *843 theorem urged upon us by the defendant. Even if it did, the multitude of cases decided by the Supreme Court and the Courts of Appeal subsequent to the Ryals decision clearly settled the law to the effect that a tax sale cannot be attacked after the passage of five years from the recordation of the tax deed, even if no notice was given to the owner of the property.[4]
In addition to the foregoing conclusion, even if the five year prescription or peremption were not applicable in this instance, it is also settled by virtue of the enactment of LSA-R.S. 9:5661 that a land patent granted by the state becomes unassailable after six years from the date of its issuance and cannot be attacked, even by the state itself.[5] Since the patent granted to the plaintiff antedates the defendant’s demand by more than six years, we are also of the opinion that the patent could not be assailed by the defendant.
The defendant’s second contention is equally without merit. She argues that her redemption in 1938 of the tax sale which occurred in 1933 for 1932 taxes divested the State of Louisiana of all title to the property and prevented it from selling the property to the plaintiff in 1954. However, the record reveals that the 1933 tax sale was made subsequent to the tax sale of 1932, so that under the existing law the second sale was an absolute nullity.[6] It is clear that where property has been adjudicated to the state, the taxing officers thereof are without power to assess and sell such property again, on the theory that it belongs to the former owner or to any other person.[7] Therefore, in effect the defendant’s redemption of the 1933 tax sale was merely a redemption of a null transaction, and did not affect the power of the state to. pass title to the property by virtue of the 1932 adjudication.[8]
For the foregoing reasons the judgment of the lower court is affirmed, at defendant’s cost.
Affirmed.

. Baldwin Lumber Co. v. Dalferes, 138 La. 507, 70 So. 493; Maisonneuve v. Dalferes, 138 La. 527, 70 So. 500; Thiberville v. Vacher, La.App., 159 So.2d 24.

. King v. Moresi, 223 La. 54, 64 So.2d 841; Progressive Realty Co. Inc. v. Levenberg, 177 La. 749, 149 So. 444; Thiberville v. Vacher, supra.

. 165 La. 952, 116 So. 395.

. See, for example, Thompson v. Walker, 235 La. 519, 104 So.2d 721; King v. Moresi, supra; Staring v. Grace, La.App., 97 So.2d 669; Thiberville v. Vacher, supra.

. Fiedler v. Pipes, 236 La. 105, 107 So.2d 409; Thiberville v. Vacher, supra.

. Thomas v. Bomer-Blanks Lumber Co., Inc., La.App., 105 So.2d 299.

. Board of Commissioners for Fifth Louisiana Levee Dist. v. Concordia Land & Timber Co., 141 La. 247, 74 So. 921; Guidry v. Sigler, La.App., 20 So.2d 631.

. Boagni’s Heirs v. Thornton, La.App., 132 So.2d 494.