YARRUT, Judge.
This is an appeal from a judgment sustaining Defendant’s exception of res judi-cata, based on a prior judgment of this court. (McCarthy v. Gonnet, 163 So.2d 840).
Defendant here, as plaintiff in the cited case, sought there to confirm and quiet a tax title. Mrs. Pellegrini, Plaintiff here, was both a defendant and a third-party plaintiff in the prior suit.
As clearly stated in the first case (cited supra), Mrs. Pellegrini purchased the lots of ground in question from George W. Gonnet on July 14, 1931. The taxes for 1931 .were assessed in the name of Gonnet, and the property was adjudicated in his name to the State on December 20, 1932, without notice to Mrs. Pellegrini. On December 23, 1954, the State sold the same property to McCarthy, without notice to Mrs. Pellegrini. The property was again adjudicated to the State on November 15, 1933 for unpaid 1932 taxes. Mrs. Pelle-grini received notice of this sale, redeemed the property on December 30, 1938 and paid the taxes thereon from 1932 until the date of the first trial in this case. McCarthy likewise paid the taxes from 1955 through 1962, the last tax year before the trial.
Mrs. Pellegrini first answered the suit and then filed a third-party action against McCarthy to annul his tax sale and to have her title “declared good and valid against Leicester McCarthy and the State of Louisiana, and all others pretending claim over them.” The district court confirmed McCarthy’s tax title and dismissed Mrs. Pel-legrini’s third-party action. This judgment was affirmed by this court (cited supra) and became final.
In the first suit held to be res judicata by the district court, Mrs. Pellegrini made two contentions: (1) she had been given no notice of the 1931 adjudication and the 1954 sale; (2) the certificate of redemption acquired by her prevented the State from granting a patent on the same property in 1954. This court rejected the first contention on the ground the five-year peremption in Art. 10, § 11 of the Constitution of 1921, LSA, barred her from attacking the tax sale for want of notice.
Mrs. Pellegrini now contends that only one issue, i. e., that of peremption, was decided in the first suit, and that her third-party action was dismissed on this exception. However, this court in affirming the district court in the first suit, did consider the merits of her claim of a better title, as per the following quotation from the opinion:
“The defendant’s second contention is equally without merit. She argues *412 that her redemption in 1938 of the tax sale which occurred in 1933 for 1932 taxes divested the State of Louisiana of all title to the property and prevented it from selling the property to the plaintiff in 1954. However, the record reveals that the 1933 tax sale was made subsequent to the tax sale of 1932, so that under the existing law the second sale was an absolute nullity. It is clear that where property has been adjudicated to the state, the taxing officers thereof are without power to assess and sell such property again, on the theory that it belongs to the former owner or to any other person. Therefore, in effect the defendant’s redemption of the 1933 tax sale was merely a redemption of a null transaction, and did not affect the power of the state to pass title to the property by virtue of the 1932 adjudication.” 163 So.2d at 843.
Mrs. Pellegrini now claims the plea of res judicata should not have been sustained because, according to LSA-C.C. art. 2286, res judicata requires an identity of (1) Cause, (2) Object, and (3) Parties, contending that the causes were different in the two suits, and that the sole cause of McCarthy’s suit against her was confirmation of a tax title, and the cause of her third-party action was to remove a cloud from her title. She characterizes her third-party action as one in jactitation or slander of title, and her present suit as a petitory action.
It is well-settled that the nature of a suit is not determined by the label put on it, hut by the pleadings and the prayer. Lafont v. Arabie, La.App., 132 So.2d 106, was a boundary action, in which defendant sought to establish title. It was held to be res judicata in a subsequent petitory action brought by the same party. See also Johnson v. Lemons, La.App., 157 So.2d 752.
That Mrs. Pellegrini did put her title at issue in the prior suit, is well expressed in the district court’s reasons for judgment viz.:
“ * * * She [Mrs. Pellegrini] also filed a third party complaint against McCarthy, reiterating the alleged nullity of the tax sale, and, further, seeking to have her title to the realty declared good and valid, as against the tax title of the State of Louisiana and the subsequent patent issued to the tax purchaser. The District Court found for McCarthy and dismissed the third party complaint, which judgment was affirmed by the Fourth Circuit Court of Appeal.
“Unquestionably, had Mrs. Pellegri-ni limited the defenses in her answer to an attack on the validity of the tax sale, then the instant plea of res ju-dicata would be without merit. However, by means of a third party complaint, she affirmatively asserted the superiority of her title as against the rights of McCarthy and the State of Louisiana, arising out of the adjudication under the tax sale.
“Having elected to place her title at issue, Mrs. Pellegrini was then required to plead all facts of her title and to assert all her rights thereunder which were in existence at the time. This she failed to do, as her pleadings in this action are predicated upon her title to the realty and other facts known to her at the time of the filing of her answer in the original suit.
“The classification by plaintiff’s counsel that the third party complaint was a slander of title suit, whereas the present matter is a petitory action, is not a sufficient distinction to render inapplicable the jurisprudence governing the petitory actions under the doctrine of res judicata. Both actions had, as their primary objective, the recognition of Mrs. Pellegrini as the owner of the identical realty, based *413 upon the same title and facts known to her at the time she defended the original action.”
Mrs. Pellegrini relies on Hope v. Madison, 194 La. 337, 193 So. 666. There a former client sued her attorney to annul a mineral interest she conveyed to him in the property which was the subject of another suit, in which the attorney represented her. The bases of the original suit for annulment were lack of consideration, misrepresentation, and fraud. Upon dismissal of her suit, Plaintiff then filed a second suit based on LSA-C.C. art. 2447, which forbids attorneys from purchasing litigious rights. The court overruled the plea of res judica-ta holding that the “cause” in the respective suits was different.
The cited case differs from the case at bar in two respects: (1) Mrs. Pel-legrini claimed ownership in the first suit, hence was required to set up whatever title or defense she had to establish her title, as the judgment was res judicata, barring a second suit based on any right which existed at the time of the first suit. Brown Land and Royalty Co. v. Pickett, 226 La. 88, 75 So.2d 18; cert. denied 348 U.S. 929, 75 S.Ct. 341, 99 L.Ed. 728; rehearing denied 348 U.S. 956, 75 S.Ct. 437, 99 L.Ed. 747. See also Himel v. Connely, 195 La. 769, 197 So. 424 at 427 and the cases cited therein. (2) The issue Plaintiff now raises, namely, that her 1938 redemption certificate gives her a title prior to and better than McCarthy’s tax title, is not a new one, as she raised it in the first suit which was decided against her. All Plaintiff adds to her previous contention is the citation of new authorities.
For the first time, Plaintiff cites Acts 47 of 1938 and 256 of 1940, and Johnston v. Nanney, 244 La. 959, 155 So.2d 196. A depression measure, Act 47 of 1938 provided that a tax debtor, or other interested person, had to pay only the taxes due when the property was adjudicated to the State, all subsequent taxes being forgiven. Act 256 of 1940 validated such redemption certificates and made them unassailable six months after they were obtained. In Johnston v. Nanney, supra, as in the instant case, there were two successive adjudications to the State, one for 1930, and the other for 1931 taxes. The defendant obtained a redemption certificate stating that the 1931 taxes had been paid. It was argued that, as the second adjudication was null, the redemption certificate was null. Plowever, the Supreme Court held that the State was charged with knowledge of the prior adjudication, and that the redemption certificate was not null simply because it stated the taxes were paid for 1931 instead of 1930. Mrs. Pellegrini’s redemption certificate was declared null because .she redeemed for the 1932 instead of 1931 taxes; this result probably would not have been reached under Johnston v. Nanney.
Briefly stated, in order to prove her paramount title to the property in the first suit, Mrs. Pellegrini had to have the court annul McCarthy’s tax title. In failing to do so, McCarthy’s tax title continued paramount to her title claim, and became res judicata as between them.
The judgment of this court in the prior suit is final and binding as the law between the parties. The judgment of the district court maintaining Defendant’s plea of res judicata is correct, and is affirmed; all costs in both courts to be paid by Plaintiff.
Judgment affirmed.