CLEVELAND J. MARCEL, Sr., Judge Pro Tern.
Plaintiff Lake, Inc. appeals a judgment of the trial court dismissing its suit to quiet a tax title to the following immovable property:
“TWO CERTAIN LOTS OR PORTIONS OF GROUND, together with all the buildings and improvements thereon, all the rights, ways, privileges, servitudes and advantages thereunto belonging or in anywise appertaining, situated in the Parish of Jefferson, State of Louisiana, in that part thereof known as Kenner Project, and according to a plan of Subdivision by W. F. Calongne, and C. E., dated October 26, 1926, said portions are situated in Section 7, Square 160 thereof, which said square is bounded by Marietta Street, Charenton Ave., Lexington Street, and Glenwood Ave.; said lots are designated as No. 47 and 48 and measure each twenty feet front on Marietta Street, same width in the rear, by depth between equal and parallel lines of one hundred twenty feet. Lot No. 48 begins at a distance of four hundred feet from the corner of Charenton Ave. and Marietta Streets.”
Being the same property acquired by Odie Pettifoot by act before George E. Burgess, Jr., Notary Public, dated October 17, 1953, registered in COB 348, folio 169, in the Parish of Jefferson.
The property was acquired by Shirley Booth, wife of/and Eddie Manuel, Jr., from Odie Pettifoot by notarial act of sale passed before Walter R. Fitzpatrick, Jr., Notary Public of Orleans Parish on February 15, 1956 and recorded February 24, 1956 in COB 396 folio 253 of the records of Jefferson Parish, Louisiana. On June 1, 1966, because of delinquent taxes, the property (still assessed in the name of Odie Pettifoot) was bid in and adjudicated to Lake, Inc. by Alwynn J. Cronvich, sheriff and ex officio tax collector of Jefferson Parish, State of Louisiana. The sheriff executed a single tax deed to Lake, Inc., dated June 1, 1966 and registered on December 29, 1966, in COB 650 folio 21 of the conveyance of the Parish of Jefferson. Five years later, Lake, Inc. filed suit to quiet its title; the trial court dismissed the suit and Lake, Inc. appealed.
The petitioner alleged in the trial that the five year peremptive period which cures defects in notice had elapsed since the date of the registry of the tax sale in the conveyance office of Jefferson Parish; thus, as the sole owner of all rights, title and interest in said property, it desired to have the title confirmed and quieted in accordance with Article X, Section 11 of the Louisiana Constitution of 1921 as amended and R.S. 47:2228.
The defendants answered plaintiff’s amended petition alleging that they were in possession of the property continuously and *517 uninterruptedly from the date of acquisition, and that the sale of the described property is null, void and of no legal effect ab initio, since the alleged sale was not made in the name of the record owners as requierd by Revised Statutes 47:2181.
Based upon the testimony of the Man-uels and the sewerage assessment records of the City of Kenner, the trial judge made a credibility determination and found as a fact that the property in question was in the nature of swampland and that there was little that the Manuels could do to exercise possession beyond that which they had done. That is, the Manuels had visited the property occasionally, had attempted to walk on it and to clear a path into it, had paid what they believe to be property tax and sewerage assessments on it, and had paid their mortgage notes through 1969. While these activities would be insufficient to constitute actual possession of high dry land, it has not been shown on appeal that the trial judge committed manifest error in finding (1) that the land was swampy and (2) that the Manuels’ activities were commensurate with the character and condition of this soil and the nature of the surroundings, and thus a sufficient degree of possession was exercised to interrupt the running of the peremptive period.
Eddie Manuel testified that the property was nothing but trees and stumps; it was mushy; it needed filling; and that it was just a swampy area. Mrs. Manuel testified that the property was a swampy area with no streets to it. Wilbur Manuel testified that the property was not filled in and was just swamp-like. On appeal there has been no showing that the trial judge committed error in believing the Manuels.
This court finds that in addition to the Manuels’ physical attempts to possess the land, they performed acts of constructive possession which lend emphasis and weight to their acts of corporeal possession. Eddie Manuel testified that since the state would never send the tax bill, his wife would have to call, write or personally visit the tax collector’s office each year in order to determine what taxes were due and to pay them; further, each year she would request that the property be assessed in their own name and she was always assured that it would be taken care of, but nothing was done. Mrs. Manuel testified that each time she would request that the property be assessed in her and her husband’s names, she was told to go from one room to another in order to find someone who could fulfill her request. She was assured that the matter would be taken care of but nothing was ever done. Although the record is unclear as to how many visits to the tax collector’s office the Manuels made after the tax sale, it is clear that in 1967 Mrs. Manuel called the Jefferson Parish tax collector’s office and asked again why she had not received a tax bill, why the assessment had not been put in the name of the Manuels, and why she had not received a sewerage assessment bill. They told her at this time that they would comply with her requests, and that she would be sent a bill. Shortly after this call to the parish office and another call to the City of Ken-ner regarding sewerage assessments, she began to receive what she believed to be combined property tax and sewerage assessment bills — in reality these were city sewerage assessment bills only. The Man-uels paid these bills in 1967, 1968, 1970, 1971 and 1972.
The five-year peremptive period of Article 10, Section 11 of the Constitution runs in favor of the state and inures to the benefit of a purchaser from the state. McCarthy v. Gonnet, La.App., 163 So.2d 840 (1964). In view of the acts of corporeal possession the Manuels exercised on their land, coupled with their continuous and fruitless efforts to communicate the fact of their ownership of the land to the state, it can hardly be said that the peremptive period which runs in favor of the state was not interrupted. The Man-uels’ actions in attempting to have the *518 property assessed in their names and to be sent tax bills, together with their actions of corporeal possession, were open and continuous protests to the fact of the tax sale sufficient to interrupt the running of the peremptive period.
Accordingly, the judgment of the trial court is affirmed and all costs are to be borne by appellant.
Affirmed.