## LAND CO., Inc., v. RUDD.
### No. 5927.

Court of Appeal of Louisiana. Second Circuit.

Nov. 3, 1939.

Bryan E. Bush, of Shreveport, for appellant.

Chandler & Chandler, of Shreveport, for appellee.

DREW, Judge.

Plaintiff instituted this, a petitory action, claiming title to an undivided one-twentieth interest in and to 201.78 acres of land situated in Caddo Parish, Louisiana. It set up the following chain of title:

Deed by notarial act from W. M. Morgan on December 31, 1932; deed from defendant, L. S. Rudd, as per tax deed of sheriff of Caddo Parish, Louisiana, to W. M. Morgan, of date June 23, 1926.

Defendant, in answer, admits that there is of record a deed from W. M. Morgan to plaintiff, as alleged, and a tax deed from defendant, Rudd, by sheriff, to W. M. Morgan, as alleged. He further alleged that the tax deed was null and void and conveyed no title to the vendee named

therein, for the reason that notice of the delinquency of the taxes, for which the property was sold, was not forwarded to defendant by registered mail to his post office address, as is required by law.

He further alleged that he was the lawful owner in possession of the land claimed by plaintiff, and prayed that he be decreed the true and lawful owner of the said property.

The lower court awarded judgment for defendant, rejecting plaintiff's demands and decreeing defendant to be the true and lawful owner of the property in question. It, however, awarded plaintiff judgment for the amount of taxes paid by it on said land.

From this judgment, plaintiff prosecutes this appeal and seriously complains of the ruling of the lower court, which barred its filing in evidence certain monition proceedings instituted by it for the purpose of curing any and all errors that might have been made in selling the property for taxes.

On trial of the case below, the plaintiff offered in evidence the tax deed alleged on and the deed from W. M. Morgan to plaintiff, which offerings were received. Plaintiff then offered to file certified copy of preliminary judgment and final judgment in suit No. 55,565, monition proceedings on the docket of the trial court. The offering was objected to on the ground that it was ultra petitionem, in that the petitioner did not allege on the monition judgment sought to be filed. The lower court sustained the objection, to which ruling, counsel for plaintiff excepted.

Plaintiff then offered oral testimony to show that the property in question had been assessed to W. M. Morgan and the plaintiff ever since the tax sale in 1926, and they had paid taxes on same. It then rested its case.

Defendant offered evidence to show that he was not notified of the delinquent taxes for which the property was sold, and that the effort to notify him was not made in accordance with law. There was other evidence, dealing with other questions in the case, which it is unnecessary to discuss at this time, due to our findings on the complaint made to the ruling of the lower court on the admissibility of the monition proceedings.

In rebuttal, the plaintiff made the following offering:

"We offer, may it please the court, in connection with the testimony as offered by the defendant as to tax notice, with our objection to that testimony, the preliminary judgment and final judgment in monition proceedings No. 55,565 on the docket of this court, with leave to substitute certified copies of both judgments."

Defendant objected as follows:

"If the court please, we object on the ground that plaintiff has closed his case. Object on the further ground that it is not in rebuttal. Object on the further ground that it has already been ruled out. It has not been alleged on, it is ultra petitionem. In a petitory action all titles should be alleged."

The lower court sustained the objection, and plaintiff counsel excepted thereto.

■ Monition proceedings are provided for by law. See Chap. 2, title "Monition", paragraphs 9026 to 9036, inclusive, Dart's Louisiana General Statutes, Rev.St. §§ 2370–2380, as amended. Paragraph 9036, Rev.St. § 2380, as amended by Act No. 145 of 1928, provides:

"The provisions of the foregoing section shall be extended to tax sales; provided, that such tax sales shall have been made and recorded at least three (3) years previous to the application for monition; and the effect of such proceedings and the judgment rendered therein shall be to confirm the tax sale and to cure all nullities therein, in like manner, and with the same effect as if the said proceedings had been had under, and in accordance with Act No. 101 of the General Assembly of 1898, of this State, and acts amendatory thereof."

It is plainly provided therein that the purpose of the monition proceedings is to cure all nullities therein and to confirm the tax sale. We are of the opinion that the monition proceedings are not, in themselves, a muniment of title. They have the effect of curing any irregularities or nullities in a muniment of title, in this case, the tax deed.

■ When plaintiff alleged his chain of title as he did, there was no necessity to allege more. The presumption is that the official conducting the tax sale and executing the tax deed had complied in full with the law. The tax deed is prima facie evidence of that fact; therefore, plaintiff was not required to seek defects in the deed or omissions of duty on the part

of the sheriff, and allege them and then allege they had been cured. It was justified in law in standing on and relying on the tax deed until it was successfully attacked. If, and when, the attack made in the deed by defendant was sufficient to destroy the prima facie case made out by the filing of the tax deed, then plaintiff was entitled to show by the monition proceedings, if they would show it, that the nullities or defects shown by defendant had been cured prior to filing of this suit. The monition proceedings, in themselves, are not a muniment of title. They transfer nothing. They only confirm and cure all defects in a muniment of title and forever bar any attack on that particular link in the chain of title.

■ We are of the opinion that the monition proceedings were admissible evidence in the case under the pleadings and that the lower court erred in not allowing it filed.

The monition proceedings are not in the record, and we have no way of knowing what they contain.

It is our opinion that, in order that the record may be properly made up, the judgment of the lower court should be set aside and the case remanded to be retried in accordance with the views expressed herein, and it is so ordered, adjudged and decreed.

Costs of appeal to be paid by the appellee and all other costs to abide the final outcome of the case.