104 So.2d 721

**A. A. THOMPSON**

**v.**

**W. L. WALKER et al.**

No. 43272.

Jan. 6, 1958.

Rehearing Granted Feb. 10, 1958.

For Opinion on Rehearing see 103 So.2d 65.

Holloway & Baker, Jonesboro, for plaintiff-appellant.

Barham & Wright, Ruston, for defendant-appellee.

MOISE, Justice.

Plaintiff is appealing from a judgment of the trial court sustaining an exception of

peremption filed by the defendant W. L. Walker.

The facts of this proceeding are undisputed and are clearly recited in the following "Statement of Pleadings", which forms a part of the record:

"This suit has been brought by A. A. Thompson to annul a tax sale made in 1932 and to partition certain property in Lincoln Parish.

"On June 15, 1929 A. A. Thompson, the plaintiff in this suit, Ola Thompson, now deceased, Dulcie Thompson Arrant, J. C. Thompson, C. R. Thompson, and G. T. Thompson purchased at Sheriff's Sale a tract of land in Lincoln Parish. The description of the property is not material.

"The Court is not called upon at this time to hear or pass on the merits of the case. On the other hand, the Court has before it defendant's plea of peremption and plaintiff's plea of estoppel against the plea of peremption.

"According to the allegations of the original petition, on June 15, 1929, A. A. Thompson, Ola Thompson, Dulcie Thompson Arrant, J. C. Thompson, C. R. Thompson, and G. T. Thompson purchased at Sheriff's Sale the tract of land involved in these proceedings. All of the interests except that of A. A. Thompson were mortgaged to Ruston State Bank & Trust Company.

"On December 12, 1932 the property involved in these proceedings was sold for 1931 State and Parish taxes to Ruston State Bank & Trust Company, which held a mortgage on all interests except the interest of A. A. Thompson. The basis of the attack is that notice of delinquency of taxes was not served or mailed to Ola Thompson, Dulcie Thompson Arrant, C. R. Thompson, G. T. Thompson, A. A. Thompson, or either of them, and that during the year 1932 the said parties were the record owners of an undivided ⅝ths interest in the property described and involved in these proceedings. It is contended that the tax sale was made in violation of Sections 50 and 51 of Act 170 of 1898, LSA–R.S. 47:2180. As Ruston State Bank & Trust Company held a mortgage on all interest in the property except the interest of A. A. Thompson, Ruston State Bank & Trust Company purchased the property at the tax sale.

"On July 14, 1943 Ruston State Bank & Trust Company foreclosed its mortgage, and W. L. Walker was the adjudicatee at the sale. Later Ruston State Bank & Trust Company conveyed to W. L. Walker the title which it had acquired at tax sale.

"A Partition by licitation is demanded.

"To the original petition defendant W. L. Walker filed an exception of peremption, as provided by Section 11 of Article 10, as amended, of the Louisiana Constitution of

1921, setting up that the sale was made on December 10, 1932 and recorded on December 12, 1932. * * *

* * * * * *

"All of the owners except plaintiff borrowed from Ruston State Bank & Trust Company an amount of money sufficient to purchase the property. Plaintiff was not a party to any proceeding or agreement between the mortgagors, known as the Thompson heirs, and Ruston State Bank & Trust Company. The Thompson heirs, with the exception of plaintiff, agreed that C. R. Thompson was to look after the property and apply the revenue from the land on the ⅝ths interest due the Ruston State Bank & Trust Company. C. R. Thompson discussed the matter with the proper officer of Ruston State Bank & Trust Company, and it was agreed between C. R. Thompson and that bank that C. R. Thompson would give all of the revenue from the property to said bank; that it would in turn, pay the taxes and other expenses, account directly to plaintiff for his ⅛th interest, which was not mortgaged, and apply the balance on the note due Ruston State Bank & Trust Company. Although not a party to the agreement, A. A. Thompson was aware of and knew of the agreement between his brothers and sisters and Ruston State Bank & Trust Company.

"The taxes were not paid for the year 1931, and on December 12, 1932 the property was sold for taxes, Ruston State Bank & Trust Company having bought the property at tax sale to protect its mortgage covering ⅝ths interest in the property. After the tax sale to Ruston State Bank & Trust Company, C. R. Thompson continued to collect the revenue from the property and pay the same to the bank, which paid the taxes and made proper disbursement of the balance. Ruston State Bank & Trust Company deeded W. L. Walker the interest which it had acquired at tax sale.

"Plaintiff, A. A. Thompson, filed a plea of estoppel, setting up that the defendant, W. L. Walker, was estopped to plead the peremption of five years against the tax sale originally made to Ruston State Bank & Trust Company and that the Thompson heirs remained in possession for a period of 10 years after the tax sale."

When Ruston State Bank & Trust Company purchased the property herein involved at tax sale, it bought the entire tract —not only the portion on which it held a mortgage. The "Statement of Pleadings", supra, mentions that C. R. Thompson continued to collect the revenue from the property and pay same to the bank, which in turn paid the taxes and made proper disbursement of the balance. The record contains a letter, dated May 4, 1937, from the Ruston State Bank & Trust Company to

Amos A. Thompson (plaintiff), advising him of a sale of timber on the property for $350 and stating that enclosed was a cashier's check for $38.50, the balance due after deduction of taxes for 1935 and 1936. Some of the tax debtors remained on the property until 1943, the year of the foreclosure sale to defendant Walker. At the time of the sale, Walker attempted to purchase plaintiff's interest, but negotiations were not concluded. In 1945, plaintiff mailed a check to defendant Walker for his portion of the 1944 and 1945 taxes, and the check was returned. Plaintiff did not insist that Walker accept payment, and, thereafter, Walker leased a portion of the property. This proceeding followed immediately (1950).

It is contended that Ruston State Bank & Trust Company was acting as an agent for the tax debtors, and that it could not legally acquire the property herein involved at tax sale. It is further contended that Walker was not a purchaser in good faith, since he knew of the deficiencies in the tax deed.

We do not concede from a reading of the record that the Bank acted as an agent for the tax debtors. However, presuming for the sake of argument that it did, we do not find that it performed any services for them after 1943.

It is to be noted that there is no allegation of fraud in plaintiff's petition, and we believe that the following statement from Wall v. Hamner, 182 La. 1049, 162 So. 769, 770, is apposite:

"* * * One who is intrusted with the duty, or who has assumed the duty, of paying the taxes for a property owner, or whose custom it has been for several years to pay the taxes for the property owner, is guilty of fraud if he fails to pay the taxes and buys the property for himself at the tax sale, without informing the property owner. In such a case, the prescription of three years, as a bar to an action to annul a tax sale, does not begin to accrue as long as the one whose property was sold for taxes is not aware of the tax sale. Alexander v. Light, 112 La. 925, 36 So. 806.

"The evidence of the fraud or imposition which is charged in this case is not so certain as to warrant an annulment of the tax sale. * * *" See, also, Simmons v. Kelly, La.App., 169 So. 791.

Under the above ruling, the tax sale in the instant case was not null; but, prescription did not commence until 1943 when the bank disposed of the property and corporeal possession ceased.

The record discloses, as stated supra, that Walker had some doubt as to the clearness of his title, and that he discussed the matter

with plaintiff. However, plaintiff took no definite action, and five years elapsed between 1943 and the filing of this partition proceeding.

Article 10, sec. 11, of the Louisiana Constitution of 1921, LSA provides in part:

> "No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted within six months from service of notice of sale, which notice shall not be served until the time of redemption shall have expired and within five years from the date of the recordation of the tax deed, if no notice is given. * * *"

In King v. Moresi, 223 La. 54, 64 So.2d 841, 842, this Court stated:

> "This constitutional peremption applies to all tax sales except those specifically excepted therein and those where the tax debtor remains in corporeal possession of the premises. The language used is very broad. This constitutional provision announces the public policy of this State to set at rest tax titles once and for all." See, also, Magnolia Petroleum Co. v. Marks, 225 La. 805, 74 So.2d 36.

We, therefore, conclude that in 1948 the good or bad faith of defendant Walker had no effect upon the tax sale of the property. Cortinas v. Murray, 224 La. 686, 70 So.2d 589.

■ It is further contended that the property was redeemed by the payment of taxes for the years following 1932, up to at least 1936, by Ruston State Bank & Trust Company.

There is no merit in the above contention. Plaintiff made no attempt to redeem the property by paying the unpaid taxes of 1931, for which the property was sold in 1932. Cortinas v. Murray, supra.

A still further contention made is that the tax sale was null, because it was executed in violation of Sections 50 and 51 of Act 170 of 1898, LSA–R.S. 47:2180, which provides that notice of a pending tax sale must be given the tax debtor.

■ Failure to give notice of the tax sale to the plaintiff tax debtor was an irregularity cured by the prescription of five years. Stevens v. Johnson, 230 La. 101, 87 So.2d 743; King v. Moresi, supra.

For the reasons assigned, the judgment of the trial court is affirmed; all costs to be paid by plaintiff.

SIMON, J., absent.