369 So.2d 1208 (1979)
Marie Cascio KEMPER et al., Plaintiff-Appellant,
v.
B. L. DEARING, Defendant-Appellee.
No. 13828.
Court of Appeal of Louisiana, Second Circuit.
March 26, 1979.
*1209 Glenn F. Armstrong, Bossier City, for plaintiff-appellant.
R. Perry Pringle, Shreveport, for defendant-appellee.
Before BOLIN, HALL and JONES, JJ.
JONES, Judge.
Plaintiffs, Marie Cascio Kemper, Victor Joe Cascio and Steve Cascio, bring this suit to annul a tax sale of property to defendant, B. L. Dearing, on May 7, 1973, which tax deed was recorded that date. Plaintiffs allege no notice of tax delinquency or proposed sale was served or mailed to them as required by law.[1] The suit was filed May 5, 1978 and defendant was served by domiciliary service on May 10, 1978. Defendant pled the peremptory exception of prescription asserting Art. 7, § 25(C) of the 1974 Constitution of Louisiana requires suits to annul tax sales be filed and service of process had within five years from recordation of the tax deed when no notice of sale has been served.[2] The trial court sustained defendant's exception of prescription. We affirm.
Plaintiffs are the heirs of Joe Cascio who died October 6, 1969 owning the following property:
6.12 acres being the West 201.96 feet of East 507.87 feet of the Southeast quarter of Southeast Quarter (SE/4 of SE/4) of Section 2, Township 18 North, Range 15 West, Caddo Parish, Louisiana.
Plaintiffs allege parish and state taxes for the year 1970 on the above described property were assessed in the name of Joe Cascio, deceased, and it was in this name at the time it was sold. Plaintiffs allege they received no notice of delinquency of taxes and the above described property was sold to defendant and the tax deed recorded on May 7, 1973. No notice of sale was served upon plaintiffs.
Plaintiffs contend the five year peremptive period of Art. 7, § 25 was interrupted when suit was instituted, i. e., filed, two days prior to the expiration of the five year period. Plaintiffs further contend "it must be served" in Art. 7, § 25(C) refers to service of notice of sale, not to service of proceedings to annul:
"(C) Annulment. No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes prior to the date of the sale, unless the proceeding to annul is instituted within six months after service of notice of sale.

*1210 A notice of sale shall not be served until the final day for redemption has ended. It must be served within five years after the date of the recordation of the tax deed if no notice is given."
Plaintiffs contend if this court holds service of process must be made within the five year peremptive period, a tax purchaser could prevent a tax sale from being annulled by avoiding service of process.
Defendant contends Art. 7, § 25(C) requires that process in an annulment proceeding be served within five years of the date of the recordation of the tax deed when no notice of sale has been served on the tax debtor.
The sole issue on appeal is does Art. 7, § 25(C) of the Louisiana Constitution of 1974 require service of process of an annulment suit be made within five years from recordation of the tax deed when no notice of sale has been served on the tax debtor?
Art. 7, § 25 of the 1974 Constitution was enacted to replace the provisions of Art. 10, § 11 of the Constitution of 1921.
The pertinent provision of Art. 10, § 11 of the 1921 Constitution, providing for five year peremption for institution of suit to annul tax deed when no notice of sale is served on the debtor states:
"No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted within six months from service of notice of sale, which notice shall not be served until the time of redemption shall have expired and within five years from the date of the recordation of the tax deed, if no notice is given . . ."
The jurisprudence has interpreted Art. 10, § 11 as though there was a comma after "expired", so that "within five years from the date of the recordation of the tax deed, if no notice is given" related to the time in which "the proceeding to annul is instituted" requiring suits to annul be filed within five years of the recordation of the tax deed when no notice of sale is given. Collins v. Quinn, 366 So.2d 209 (La.App.2d Cir. 1978); Lipps v. Zor, Inc., 170 So.2d 915 (La.App.4th Cir. 1965).
LSA-R.S. 47:2228[3] was enacted pursuant to the constitutional mandate in Art. 10, § 11 to provide a method by which the tax purchaser could quiet title. A tax purchaser may bring suit to quiet title by serving notice of sale, i. e., petition and citation, after the three year redemption period from the recordation of the tax deed has expired. When this is done the tax debtor *1211 must institute his action to annul within six months of service. LSA-R.S. 47:2228 further provides that after the five year peremptive period for annulling tax sales had elapsed, a tax purchaser may serve notice of sale by serving petition and citation in a suit to quiet title on the tax debtor and a tax debtor has ten days in which to answer, although the failure of the tax purchaser to serve such notice of sale would not affect his five year prescriptive title.
A review of the first three sentences of Paragraph C, § 25, Art. 7, establishes that the first sentence states when the suit to annul must be filed if a notice of sale has been served ("within six months after service of notice of sale"). The second sentence sets forth when the notice of sale may be served ("shall not be served until the final day for redemption"). The third sentence commencing with the pronoun "it" states the time frame within which the suit to annul must be served if no notice of sale has been given ("It must be served within five years after the date of the recordation of the tax deed if no notice is given"). The use of the pronoun it to refer to the subject ("proceeding to annul") of the sentence, when it refers to a noun not contained in the preceding sentence is poor drafting, but in this situation a review of the first three sentences in Section C leaves no doubt that "it" contained in the third sentence refers to "proceeding to annul" contained in the first sentence. There is no true ambiguity. There would be ambiguity if "it" is construed to refer to "notice of sale" contained in the second sentence, for in that situation the sentence would then read "A notice of sale (it) must be served within five years after the date of the recordation of the tax deed if no notice is given." The problem would be to determine what notice the last five words of the sentence (if no notice is given) referred to.
The proper interpretation of the third sentence of Art. 7, § 25(C) requires service of process in a proceeding to annul must be within five years after recordation of the tax deed when no notice of sale is served on the tax purchaser by the tax debtor. To interpret this sentence to make it relate to notice of sale is to deprive the tax purchaser of a method of quieting title after the five year peremptive period has passed because he could no longer serve the notice of sale required by LSA-R.S. 47:2228. This interpretation would grant the tax debtor unlimited time for bringing suit to annul tax sales unless the tax purchaser has served notice of sale after the three year redemption period and prior to the five year peremptive period because there would be no five year prescriptive period applicable to those situations where no notice of sale has been served.
Our review of the proceedings of the Constitutional Convention as they related to the adoption of Art. 7, § 25 of the 1974 Constitution establish that no major substantive changes of Art. 10, § 11 of the 1921 Constitution were contemplated by that body. Our interpretation of this article in the 1974 Constitution requires the suit to be served within five years of recordation of the tax deed, whereas the 1921 Constitution required the suit to be filed within five years of recordation of the tax deed. This is not the traumatic change of eliminating the five year peremption period on suits to annul tax sales and creation of a five year peremption period for institution of suits to quiet tax titles which would have resulted from the interpretation of the controversial "it" to relate to service of "notice of sale ". Public policy requires that law provide rules to expedite quieting of tax titles. Cortinas v. Murray, 224 La. 686, 70 So.2d 589 (1954); Fellman v. Kay, 147 La. 953, 86 So. 406 (1920).
Plaintiff contends an interpretation of Art. 7, § 25(C) to require the service of the suit to annul within five years from date of recordation of the tax deed will permit the purchaser to avoid litigation of a questionable nullity by avoiding service of petition and citation to a point in time when five years have elapsed from the recordation of the tax deed. Plaintiffs' contention is without merit. C.C.P. Art. 5091 authorizes a court to appoint an attorney at law to represent an absentee "who cannot *1212 be found and served after a diligent effort, though he may be domiciled or actually present in the state . . . "[4]Moore v. Moore, 340 So.2d 404 (La.App.2d Cir. 1976).
AFFIRMED at appellant's cost.
NOTES
[1] Art. 7, § 25(A), Louisiana Constitution of 1974; LSA-R.S. 47:2180.
[2] Art. 7, § 25(C) of Louisiana Constitution of 1974; LSA-R.S. 47:2228.
[3] LSA-R.S. 47:2228"After the lapse of three years from the date of recording the tax deed in the conveyance records of the parish where such property is situated, the purchaser, his heirs or assigns, may institute suit by petition and citation as in ordinary actions against the former proprietor or proprietors of the property, in which petition must appear a description of the property, mention of the time and place of the sale and name of officer who made same, reference to page of record book and date of recording tax deed, notice that petitioner is owner of the said property by virtue of said tax sale, and notice that the title will be confirmed unless a proceeding to annul is instituted within six months from date of service of the petition and citation. This suit shall be brought in the parish where the property is situated unless it lies in two or more parishes, in which case this suit may be instituted in either of such parishes. The petition and citation shall be served as in ordinary suits; provided, that if the former proprietor be a non-resident of the state, or unknown, or his residence be unknown, the court shall appoint a curator ad hoc to represent him and receive service, and said curator shall receive for his services a reasonable fee to be fixed by the court in each suit, the same to be taxed as costs of suit. After the lapse of six months from the date of service of petition and citation, if no proceeding to annul the sale has been instituted, judgment shall be rendered quieting and confirming the title.

In all cases where tax titles have been quieted by prescription of five years under the provisions of Section 11 of Article X of the Constitution of 1921, the purchaser or his heirs or assigns may, if he or they so desire, either obtain a judgment of the court confirming the title by suit in the manner and form as hereinabove set out, except that the delay for answer shall be ten days instead of six months, or the purchaser or his heirs or assigns may, at his or their option, quiet the title by monition proceeding, as provided by law relative to sheriffs' sales and tax sales; provided that the failure to bring suit shall in no manner affect such prescriptive titles."
[4] C.C.P. Art. 5251(1)