YELVERTON, Judge.
Plaintiffs filed suit to annul two tax sales on the basis of inadequate notice. Defendants filed an exception of peremption and prescription of five years pursuant to La. Const, art. VII, § 25(C). The trial court sustained the exception and dismissed the suit. Plaintiffs appealed challenging the trial court judgment. We affirm.
The property in question was acquired by appellants’ parents from J.J. Mears by recorded deed on November 2, 1953. The parents apparently were deceased before taxes on the property first became delinquent in 1976.
Both tax sales were properly advertised in the Natchitoches Times for thirty days prior to the day of sale in compliance with La.R.S. 47:2180. Notice of both tax sales was sent by certified mail to the record owners, the parents of appellants, at the address listed on the tax rolls, which had been provided by the tax assessor. In each instance, the certified letter was returned unclaimed.
Mr. Richard Wester, an employee in the Civil and Tax Division of the Natchitoches Parish Sheriff’s Department, testified that, to his knowledge, no one from his office had inspected the property to determine if *172 anyone was living there. Mr. Wester also testified that he did not know of any other efforts taken to notify the tax debtors after the certified letters were returned uncollected.
The first tax sale took place on May 19, 1976. Appellee Andrew Vallien purchased an undivided one-half interest in the property and the sheriff’s deed to Mr. Yallien was recorded on May 20, 1976.
At the second sale on May 24, 1978, appellee E. R. McGehee acquired the other undivided one-half interest in the property. The sheriffs deed to Mr. McGehee was recorded on May 24, 1978.
Appellants filed the suit to annul the tax sales on December 14,1984. At the trial of the exception appellants’ attorney informed the trial court that he planned to depose an elderly relative of the appellants whose testimony would establish that one of the heirs had been living on the property at the time of the first sale, and had continuously lived there since that time. The trial court agreed to leave the record open so that the deposition, which was noticed for taking on June 13, 1985, could be introduced into evidence at a later date.
On August 26, 1985, the trial judge sent a letter to all counsel indicating that he had not yet received the deposition and that he would consider the case only on the evidence presented at the trial unless notified otherwise before September 3, 1985. Apparently the deposition was never submitted and introduced into evidence, as it is not contained in the record nor is it included in the list of documents designated to constitute the record. The trial judge decided the case on September 17, 1985. Plaintiffs did not ask for a new trial.
The Louisiana Constitution of 1974 specifically provides for the annulment of tax sales in Article VII, § 25(C), which reads in pertinent part:
“(C) Annulment. No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes prior to the date of the sale, unless the proceeding to annul is instituted within six months after service of notice of sale. A notice of sale shall not be served until the final day for redemption has ended. It must be served within five years after the date of the recordation of the tax deed if no notice is given. The fact that taxes were paid on a part of the property sold prior to the sale thereof, or that a part of the property was not subject to taxation, shall not be cause for annulling the sale of any part thereof on which the taxes for which it was sold were due and unpaid. No judgment annulling a tax sale shall have effect until the price and all taxes and costs are paid, and until ten percent per annum interest on the amount of the price and taxes paid from date of respective payments are paid to the purchaser; however, this shall not apply to sales annulled because the taxes were paid prior to the date of sale.”
The word “it” at the beginning of the third sentence has been construed to refer to a proceeding to annul rather than to notice of the sale. Kemper v. Dearing, 369 So.2d 1208 (La.App. 2nd Cir.1979). Therefore, a party attacking the validity of a tax sale must cause the proper defendants to be served with process within five years of the date the tax deed was recorded or his right to annul the sale will be perempted.
Appellants, not having filed suit and serving appellees until December 1984, some eight and one-half years after rec-ordation of the first deed and six and one-half years after recordation of the second deed, clearly missed the five year deadline.
Appellants nevertheless contend that the tax collector’s failure to take reasonable steps to notify them after the notices of delinquency were returned unclaimed renders each of the subsequent tax sales an absolute nullity. Since the sales are an absolute nullity, appellants argue, the defective notice is not cured by the five-year peremptive period and the validity of the *173 tax sale and deed may be attacked at any time. This argument lacks merit.
Nullities attending tax sales which are relative and are cured by the three and five year peremptive periods provided by the Constitution and statutes include lack of notice, failure to properly advertise, and sales for taxes which have prescribed. Warner v. Garrett, 268 So.2d 92 (La.App. 1st Cir.1972), writ denied, 263 La. 987, 270 So.2d 123 (1972). Any irregularities in failing to give tax debtors notice of delinquency is cured by the five-year peremptive period for annulling tax sales. Welsch v. Carmadelle, 264 So.2d 341 (La.App. 4th Cir.1972), writ denied, 262 La. 1181, 266 So.2d 452 (1972).
Therefore, the tax collector’s failure to take additional steps to notify appellants after the certified letter was, in each instance, returned unclaimed amounted only to a relative nullity which was cured by the five-year peremptive period as provided in La. Const, art. VII, § 25(C).
Appellants next argue that the peremp-tive period was interrupted due to the physical possession of the property by Elizabeth Bridger Preston from 1976 until the hearing on the exceptions in 1985. Appellants’ counsel, in his brief, refers to a deposition of one Suzanne Bridger Kirkland, which he says contains testimony that Elizabeth Preston has lived in a house on the property since 1976.
The deposition, as discussed earlier, is not in the record and we can only assume that counsel made a deliberate decision not to introduce it. It cannot be considered. There is no evidence to support appellants’ allegations that peremption was interrupted by physical possession of the property. On the evidence presented, the trial court was correct in concluding that there was no interruption of the peremptive period due to physical possession of the property.
For the foregoing reasons, we affirm the judgment of the trial court sustaining defendants’ exception of prescription and per-emption and dismissing plaintiffs’ suit. Appellants are to pay the costs of this appeal.
AFFIRMED.