635 So.2d 679 (1994)
Thomas DOCKERY, et al., Plaintiffs-Appellees,
v.
J.H. DuPONT, et al., Defendants-Appellants.
No. 93-1021.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1994.
*680 Richard E. Lee, Wilbert Joseph Saucier, Jr., David Lee Guillory, Pineville, for Thomas Dockery et al.
Christopher Jude Roy Jr., Alexandria, for J.H. DuPont et al.
Dan D. Schaneville, John Clark Hopewell, III, Baton Rouge, for John Murchison et al.
Before YELVERTON, SAUNDERS and DECUIR, JJ.
SAUNDERS, Judge.
Defendants-appellants, J.H. DuPont, Pauline Turner DuPont, John Paris Murchinson, and Laura H. Murchinson, appeal from the trial court's judgment annulling their purchase of 7.5 acres of land at a tax sale. Defendants-appellants contend that the trial court erred when it ruled that the time period in which to file a petition to annul a tax sale had not expired. In addition, defendants-appellants argue that if the trial court's decision to annul the tax sale is affirmed, the trial court erred when it failed to give effect to Article VII, Section 25(C) of the Louisiana Constitution of 1974, which requires that before a judgment annulling a tax sale can have effect the petitioner must pay to the purchaser of property at a tax sale the purchase *681 price, all taxes and costs of the sale together with interest at ten percent (10%) per annum on the amount of the price and taxes paid from date of each respective payment.
For the reasons which follow, we affirm the trial court's judgment, as amended.

FACTS
On August 17, 1982, Jerry and Phyllis Lofton (hereinafter LOFTONS) conveyed to Eddie and Elizabeth LaBorde (hereinafter LABORDES) 7.5 acres of a 15 acre tract of land located in Rapides parish. The LOFTONS took a mortgage on the property as part of the sale agreement. Subsequent to that conveyance, the sheriff of Rapides Parish seized the property to satisfy taxes due on the 7.5 acres of land that the LABORDES failed to pay. The Rapides Parish Sheriff's Office Tax Department sent a notice of delinquent taxes and pending tax sale by certified mail to the LABORDES, but the certified notice was returned with the notation "moved, left no address." The sheriff's office made no other attempts to give the LABORDES notice of delinquent taxes and the pending tax sale. On May 9, 1984, J.H. DuPont and Pauline Turner DuPont (hereinafter DUPONTS) purchased the 7.5 acres at a tax sale for $266.55. That tax sale was recorded in the Rapides Parish Clerk of Court's office on May 18, 1984.
On March 3, 1987, the DUPONTS sold the property to John Paris Murchinson and Laura H. Murchinson (hereinafter MURCHINSONS) for $372.20. Neither the DUPONTS nor the MURCHINSONS ever took corporeal possession of the property or exercised any control over it. In fact, the LABORDES, not aware of the tax sale of the property to the DUPONTS and then the DUPONTS' subsequent sale of the land to the MURCHINSONS, continued to live on and work the property.
In the late 1980's, the LABORDES' financial position took a turn for the worse and they filed for bankruptcy. On February 8, 1989, the LOFTONS, as secured creditors, reacquired the property from the LABORDES by order of the bankruptcy court. Later in that same year, when the LOFTONS were attempting to sell the property to another party, they discovered that the property had been sold to the DUPONTS by the sheriff to satisfy property taxes. At that time, the LOFTONS obtained a quit claim deed from the DUPONTS and sold the property to plaintiffs-appellees, Thomas and Glenda Hanna Dockery (hereinafter DOCKERYS), on October 4, 1989. Because the DUPONTS had already sold the land to the MURCHINSONS, the quit claim deed had no effect.
The MURCHINSONS, in propre personne, filed a petition to be maintained in possession of the property. Subsequently, the DOCKERYS filed a petition to annul the tax sale of the property and moved the trial court to consolidate into one case their petition to annul and the MURCHINSONS' possession petition, which the trial court granted. In response to the DOCKERYS' petition, the DUPONTS filed an answer and the MURCHINSONS filed an exception of prescription. The trial court overruled the exception of prescription on July 7, 1992. Subsequently, on September 18, 1992, the trial court granted a Motion for Summary Judgment filed by the DOCKERYS annulling the tax sale to the DUPONTS and setting aside their subsequent conveyance of the land to the MURCHINSONS.
The following table shows the sequence of events in this case:

 Date Event
8/17/82 LABORDES buy 7.5 acres from
 LOFTONS; LOFTONS are secured
 creditors and take a mortgage
 on the property.
5/9/84 DUPONTS buy 7.5 acres in Rapides
 Parish Sheriff's Tax Sale; LABORDES
 never receive notice of
 delinquent taxes nor notice of tax
 sale; LABORDES retain corporeal
 possession of the property.
5/18/84 Tax sale is recorded in Rapides
 Parish Clerk of Court's Office.
3/3/87 MURCHINSONS buy 7.5 acres
 from DUPONTS; LABORDES
 still in corporeal possession of the
 property.
2/17/89 LOFTON buys 7.5 acres in bankruptcy
 sale; LABORDES still in
 corporeal possession of the property.
10/4/89 DOCKERYS buy 7.5 acres from
 LOFTONS.

*682 The MURCHINSONS and the DUPONTS appeal the trial court's denial of the exception of prescription and the granting of the summary judgment.

I. Issues Presented
1) Whether the trial court erred when it ruled that the time period in which to file a petition to annul a tax sale had not expired. 2) Whether the trial court erred when it failed to give effect to Article VII, Section 25(C) of the Louisiana Constitution of 1974, and require that before a petition for annulment of a tax sale shall have effect the petitioner must pay the purchase price, all taxes and costs of the sale together with interest at ten percent (10%) per annum on the amount of the price and taxes paid from date of respective payments.

II. Law and ArgumentIssue I
Whether the trial court erred when it ruled that the time period in which to file the petition to annul a tax sale had not expired.
The tax collector must notify the owner of immovable property that taxes are due and that the property will be sold to satisfy those taxes, if they are not paid. LSA-R.S. 47:2180. If the tax debtor[1] never receives notice of the delinquency and the pending tax sale, and the tax collector sells the property, the tax debtor may annul the tax sale of his property pursuant to Article VII, Section 25(C), of the Louisiana Constitution of 1974, entitled "Annulment", which provides:
"No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes prior to the date of the sale, unless the proceeding to annul is instituted within six months after service of notice of sale. A notice of sale shall not be served until the final day of redemption has ended. It[2] must be served within five years after the date of the recordation of the tax deed if no notice is given.[3] ... No judgment annulling the tax sale shall have effect until the price and all taxes and costs are paid, and until ten percent per annum interest on the amount of the price and taxes paid from date of respective payments are paid to the purchaser; however, this shall not apply to sales annulled because the taxes were paid prior to the date of sale."
In sum, the tax collector must notify the tax debtor of the delinquency in property taxes and the pending tax sale. A tax debtor can successfully annul a tax sale of property if he can prove that the taxes on the property were paid prior to the sale. A tax debtor must file his petition to annul the tax sale within six (6) months of the sheriff serving him with a tax sale notice.[4] If no tax sale notice is served on the tax debtor, his petition to annul a tax sale must be served on the tax purchaser[5] within five (5) years after the recordation of the tax deed. Finally, no judgment annulling a tax sale shall have effect until the petitioner pays to the tax purchaser the purchase price, all taxes and costs of the sale together with interest at ten percent (10%) per annum on the amount of the price and taxes paid from date of each respective payments.
In applying the above principles and rules to the facts of this case, we first note that the *683 record reveals that the LABORDES did not receive a notice of delinquency and pending tax sale. Second, the record reveals that the LABORDES had not paid the taxes due on the property before the tax sale was held by the sheriff. Third, the LABORDES did not receive notice of the tax sale and consequently could not have filed a petition to annul within 6 months of service of a notice of tax sale. Fourth, this court finds that the petition to annul the tax sale filed by the DOCKERYS, successors to the property by conveyance, was filed over seven (7) years after the recordation of the tax sale, well beyond the five year period prescribed by the Louisiana Constitution.
"Tax sales are presumed valid and the party attacking sale has burden of proving its alleged invalidity." Hodges Ward Purrington Properties v. Lee, 601 So.2d 358 (La. App. 5th Cir.1992), citing Meares v. Pioneer Production Corp., 382 So.2d 1009 (La.App. 3d Cir.), writ denied, 392 So.2d 667 (La.1980), Dennis v. Vanderwater, 498 So.2d 1097 (La. App. 3d Cir.), writ denied, 501 So.2d 211 (La.1987). The DOCKERYS, successors of title to the 7.5 acres by conveyance, have clearly established that the LABORDES never received notice of the delinquency and the pending sale as required by law. They failed, however, to file their petition to annul the tax sale timely.
Louisiana jurisprudence reveals conflicting opinions on the effect of a failure to give notice to the owner of immovable property of the delinquency and pending tax sale and the five (5) year period in which to seek annulment of a tax sale. Some courts have held that the failure to give such notice is a relative nullity and generally cured by the expiration of the five-year constitutional time period. See generally, Thompson v. Walker, 235 La. 519, 104 So.2d 721 (1958); Preston v. McGehee, 502 So.2d 171 (La.App. 3d Cir. 1987); Kemper v. Dearing, 369 So.2d 1208 (La.App. 2d Cir.1979). Therefore, under this line of cases, a tax debtor loses his right, regardless of service of a notice of delinquency and pending tax sale, to annul the tax sale of his property, if the five (5) year period has expired.
Other Louisiana courts have held that the failure to give notice by not taking reasonable steps to notify the tax debtor of the delinquency and pending tax sale violates a delinquent tax debtor's Due Process rights, and therefore, is an absolute nullity. Murphy v. Estate of Sam, 527 So.2d 1190, 1193 (La.App. 3d Cir.1988) (holding that the failure of the City of Opelousas to make no other attempt whatsoever to notify by mail or personal service of delinquency and pending tax sale violated the Due Process rights of the delinquent property owner and rendered tax sale null and void, notwithstanding expiration of five (5) year peremptive period); see, Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983) (holding that prior to an action which will affect an interest in life, liberty or property protected by the Due Process Clause of the Fourteenth Amendment, a state must provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections); see also, State v. Knight, No. 93-767, 631 So.2d 714 (La.App. 3d Cir.1994) (holding that when the record owner is not given notice of delinquency and of the tax sale, the tax sale is absolutely null). This line of jurisprudence suggests that if, for example, a tax debtor were not reasonably notified of the deliquency and pending tax sale, that tax sale is null notwithstanding the expiration of the five (5) year time period. Consequently, these cases suggest that in the aforementioned example, the effect of the five (5) year time period may violate a property owner's Due Process rights and may be unconstitutional.
Some courts, when ruling that a sale is null, do not distinguish between a relative or absolute nullity. See generally, Childress v. Johnson, 387 So.2d 1217, 1219 (La.App. 1st Cir.), writ denied, 393 So.2d 744 (La.1980) (holding when the tax collector, after the tax delinquency notice is sent to the wrong address and returned unclaimed, makes no further effort to ascertain the tax debtor's correct address and deliver notice, the tax sale is void and the purchaser's tax title is invalid). In this line of cases, the courts were not required to decide whether the five (5) year period would cure the lack of notice to the *684 delinquent tax debtor. Similarly, in this case, for reasons discussed later in this opinion, this court need not address whether the failure to reasonably serve notice is a relative nullity that is cured by the five (5) year period or rises to a constitutional level and is an absolute nullity notwithstanding the five (5) year period in which to annul a tax sale.
We hold that a notice of delinquency and pending sale of property for failure to pay taxes is required. Moreover, we find that the failure of the tax collector to take reasonable measures in serving such a notice on delinquent tax debtors before selling the property at a tax sale makes that sale null and void. Colvin v. Ferguson, 564 So.2d 775 (La.App. 2d Cir.1990).
"[N]otice must be given to a tax debtor before his property may be sold for nonpayment of taxes. Where mailing of such notice is required, and a mailed notice is returned to the tax collector undelivered or unclaimed, the tax collector is required to take additional reasonable steps to notify the tax debtor, and the failure of the tax collector to perform this obligation renders the tax sale null and void."
Childress, supra at 1219 (citations omitted); see, In re Campbell, 574 So.2d 539 (La.App. 3d Cir.), writ denied, 577 So.2d 34 (La.1991); Landry v. Beaugh, 452 So.2d 400 (La.App. 3d Cir.), writ denied, 458 So.2d 121 (La.1984). We find in this case, as in Childress, that after the notice to the LABORDES of delinquency and pending tax sale was returned undeliverable, the sheriff failed to take the requisite additional steps to notify the LABORDES. In the Childress case, the trial court pointed out, and we concurred, that a visit to the property by the tax collector would have revealed the property's owners. In this case, too, the "additional step" of visiting the 7.5 acres of land by a representative of the Rapides Parish Sheriff's Tax Collection Department would have readily shown the occupancy of the property by the tax debtors, the LABORDES. For these reasons, we agree with the trial court and find that the attempts to notice the LABORDES of the delinquency and pending sale were insufficient and that the tax sale of their property is null and the subsequent conveyance to the MURCHINSONS resulting from that tax sale is also null.
Having found that the tax sale is null, we next address whether the DOCKERYS' cause of action[6] to annul has prescribed because they failed to file their petition to annul within the five (5) year time period. Defendants-appellants, DUPONTS, argue that the five (5) year time period in which to annul a tax sale is peremptive rather than prescriptive and cannot be interrupted, suspended, or renounced. The DUPONTS contend that the five (5) year peremption period is a time fixed by law for the existence of a right and unless timely exercised, the right is completely extinguished and forever lost upon the expiration of the 5 years. The courts have held, however, that the five (5) year time period does not begin to run or can be interrupted when the tax debtor has maintained corporeal possession of the property. See, Securities Mortgage Company, Inc. v. Triplett, 374 So.2d 1226 (La.1979); Gulotta v. Cutshaw, 283 So.2d 482 (La.1973); Meshell v. Bauer, 215 La. 619, 41 So.2d 237 (1949).
As pointed out by both appellants and appellees, the courts have been inconsistent in the way they have described the five (5) year time period in which a tax debtor can seek to annul a tax sale of his property. In some cases, the courts have referred to the time period as prescriptive and in others they have referred to it as peremptive. Whether they have called it "prescriptive" or "peremptive," the courts have consistently *685 treated the period as "prescriptive," and accordingly, have held that the five (5) year period does not begin to run or is interrupted when the tax debtor maintains continuous corporeal possession of the property. Shuey, infra note 6, at p. 234. Therefore, we hold that the five (5) year time period is prescriptive, and accordingly, either does not begin to run or at least is interrupted by the continuous possession of the property by the LABORDES. Hence, the type of nullity caused by the failure of the state to serve notice of delinquency and pending tax sale on a tax debtor, whether relative or absolute, is irrelevant when the tax debtor maintains continuous corporeal possession of property because in either case, the tax debtor may bring his petition to annul the tax sale notwithstanding the passage of the five (5) year period.
The record in this case clearly establishes that neither the DUPONTS nor the MURCHINSONS ever took possession of the 7.5 acres of land. In fact, the record indicates that they were not even aware of the property's location. At the time that the property was sold at the tax sale to the DUPONTS and subsequently sold by the DUPONTS to the MURCHINSONS, the LABORDES lived on and worked the property. The record established that the LABORDES had open, actual, physical, and corporeal possession; they lived on the property, tilled the land, planted grass, bailed hay, and raised cows. The tax debtors, the LABORDES, had continuous possession of the property up until the time in which the original owners, the LOFTONS, reacquired the property from the bankruptcy court and the petition to annul the tax sale was initiated in this case. We agree with the trial court's findings that 1) the tax debtors, the LABORDES, maintained continuous corporeal possession of the property and 2) the five (5) year time period either did not begin to run or was interrupted. Consequently, we hold that the DOCKERYS' petition to annul had not prescribed.

Issue II
Whether the trial court erred when it failed to give effect to Article VII, Section 25(C) of the Louisiana Constitution of 1974, and require that before a judgment for annulment of a tax sale shall have effect, the petitioner must pay to the tax purchaser, or in this case the tax purchaser's successor by conveyance, the MURCHISONS, the purchase price, all taxes and costs of the sale together with interest at ten percent (10%) per annum on the amount of the price and taxes paid from date of respective payments.
The trial court granted the DOCKERYS' Motion for Summary Judgment and set aside the sale of the 7.5 acres to the DUPONTS in the tax sale. The trial court, however, failed to require that the tax debtor pay to the MURCHINSONS the purchase price, taxes, and costs of sale together with interest. Pursuant to Article VII, Section 25(C) of the Louisiana Constitution of 1974, we find that the trial court erred when it failed to require that the DOCKERYS pay the purchase price, all taxes and costs of the sale together with interest at ten percent (10%) per annum on the amount of the price and taxes paid from date of respective payments to the MURCHINSONS. Plaintiffs-appellees concede in their brief that the trial court erred and agree with the defendants-appellants' position that the judgment should be amended.
We also agree that the trial court erred and amend the judgment accordingly.

Conclusion
For the foregoing reasons, the judgment of the trial court is affirmed, as amended. We affirm the trial court's ruling that the five (5) year time period in which to annul a tax sale did not begin to run or had been interrupted by the continuous corporeal possession of the land by the tax debtor and that plaintiff-appellee's cause of action to annul the tax sale had not prescribed. We amend the judgment by requiring the plaintiff-appellees, the DOCKERYS, to pay the purchase price, all taxes and costs of the sale together with interest at ten percent (10%) per annum on the amount of the price and taxes paid from date of respective payments to the defendants-appellants, the MURCHINSONS. Costs of these proceedings to be shared equally among appellants and appellees.
*686 AFFIRMED as AMENDED and RENDERED.
NOTES
[1] The tax debtor, as referred to in this opinion, is the party who owed taxes and whose property was subject to a tax sale because of his failure to pay taxes on it. In this case, the tax debtors are the LABORDES.
[2] Louisiana courts have held that the "[i]t" refers to a petition to annul a tax sale rather than a notice of a tax sale. See, Preston v. McGehee, 502 So.2d 171 (La.App. 3d Cir.1987); Kemper v. Dearing, 369 So.2d 1208 (La.App. 2d Cir.1979).
[3] Note the distinction between notice of delinquency and pending sale required by LSA-R.S. 47:2180(A) and the notice of sale required by required LSA-R.S. 47:2180(B). As pointed out in this excerpt of the Louisiana Constitution, the failure to notify an owner of immovable property of tax sale would not per se invalidate the sale.
[4] Notice of tax sale cannot be served on the tax debtor/property owner until the final day of redemption has ended. Pursuant to Article VII, § 35(B) of the Louisiana Constitution, the final date of redemption is three (3) years from the sale date. In this case, the property was sold on May 9, 1984, therefore, the final day of redemption is May 9, 1987.
[5] Tax purchaser, as referred to in this opinion, is the party who purchases property at a tax sale. In this case, the tax purchasers are the DUPONTS.
[6] It is not altogether clear if the tax debtors right to annul a tax sale should be called a "cause of action" or a "right of action." Generally, a legal right afforded to someone by law is not lost to "prescription"; it is merely transformed into a natural obligation, the vindication of which can no longer be pursued through legal action. Therefore, the litigant who can no longer pursue his right has only lost his "right of action". If a legal right, which is created by statute and where the delay in which to exercise that right is stipulated by statute, is lost to "peremption" the litigant has lost his "cause of action." Statutes of peremption destroy the cause of action itself. After the time limit expires, the cause of action no longer exists; it is lost. James F. Shuey, Legal Rights and the Passage of Time, 41 LA.L.REV. 220, 224-30 (1981).