|!WOODARD, Judge.
Mr. Russell Gunter appeals the trial court’s grant of summary judgment to Mr. Randy Moore, who had purchased Mr. Gunter’s property in a tax sale. The Sheriff of Sabine Parish had seized the property when parish property taxes became delinquent. Mr. Gunter asserts that the sale to Mr. Moore is null because he did not receive notice of the delinquency or sale. We find that there is a genuine issue of material fact, regarding adequate notice for the tax sale. Thus, summary judgment is precluded. We reverse and remand for a trial on the merits.
[[Image here]]
Mr. Gunter failed to pay parish property taxes on a piece of property he owned in Sabine Parish. The taxes on the property, assessed in 1996, became overdue on January 1, 1997. Although the Sheriff, as ex-officio tax collector, attempted to notify him of the delinquency, via certified mail to the address on record, it was returned as unclaimed. Apparently, Mr. Gunter was attending college and participating in internships outside of Sabine Parish. The Sabine Sheriffs Office seized the property and sold it. Mr. Moore bought it at the tax sale in June 1997. Thereafter, Mr. Gunter had three years to come forward and redeem the property[1] but failed to do so. Specifically, the redemption period ended in June 2000, but Mr. Gunter did not come forward until February 2001. At *120 that point, his only alternative was to bring an action to annul the sale, which he did, within the five-year period allowed.[2]
Mr. Moore filed a motion for summary judgment, essentially, requesting that the trial court find that he had complied with all of the legal requirements to perfect his purchase. The trial court granted his motion. Mr. Gunter appeals. We must decide whether there is any genuine issue of material fact that could render the sale a nullity.
[[Image here]]
Standard of Review for Summary Judgment
We review summary judgments, de novo, under the same criteria which govern the trial court’s consideration of whether summary judgment is appropriate.[3] Therefore, a motion for summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue, regarding a material fact and that the mover is entitled to judgment, as a matter of law.[4] La. Code Civ.P. art. 966 charges the moving party with the burden of proving that summary judgment is appropriate. In doing so, its supporting documentation must be sufficient to establish that no genuine issue of material fact remains to be decided.[5]
Monition
Louisiana law provides purchasers, like Mr. Moore, with two options to obtain additional protection against attacks on his title; namely, he could file a suit to quiet his title and obtain a judgment, confirming and quieting it,[6] or he could petition for a grant of monition and obtain a judgment, confirming and homologating the sale.[7] Either way, the judgment of confirmation has the same effect.[8]
To obtain the judgment through monition, basically, the tax sale purchaser must put a description of the property he purchased in the newspaper, alerting anyone who might have an interest in the property, that it has been sold, and allowing him or her thirty days to assert any irregularities or illegalities in the tax sale. If no one comes forward, the court shall render a judgment, confirming and homologating the sale.[9]
| sIn his initial petition, Mr. Gunter asserts that because Mr. Moore failed to obtain a judgment through monition, the sale was null. However, such a judgment is not required to effect the sale of the property.[10] The monition procedure is simply a way for those who purchase property at a sheriffs sale to protect themselves against eviction or other responsibilities relative to possessing the property,[11] but it does not affect the property’s actual transfer in any way.[12] Accordingly, Mr. Moore’s failure to obtain the judgment, *121 before Mr. Gunter’s action to nullify, has no effect on the validity of the tax sale.
Furthermore, during the pendency of Mr. Gunter’s action to nullify the sale, which, again, was grounded, partly, on Mr. Moore’s failure to obtain a judgment confirming and homologating the sale through monition, Mr. Moore did, in fact, obtain such a judgment. Notwithstanding, Mr. Gunter claims that there is a problem with the judgment because he was not notified of the proceedings. He asserts that the theory behind notice of lis pendens of actions regarding real property should have precluded Mr. Moore from petitioning for monition while his action to annul the sale was pending, especially since he was not notified.

Lis Pendens

Notice of lis pendens of actions regarding real property, not to be confused with the exception of lis pendens, is governed by Article 3751 of the Code of Civil Procedure. Its underpinning premise is that all persons deserve a warning that the title to certain property is in litigation and that they are in danger of being bound by an adverse judgment.[13] Indeed, we find that the legislative intent was to expressly include this protection within the statutory scheme relative to tax sales.
For a tax sale purchaser to confirm his title before the former owner’s claim to annul the sale has prescribed, he must file a suit to quiet a tax title.[14] This requires an |4ordinary proceeding against the former owner, which will provide him with personal service and, thus, ensure notice.[15] Thus, it is clear that the legislature intended to require the tax sale purchaser to warn the former owner that he is in danger of being adversely affected by the confirmation judgment, if the purchaser seeks that judgment while the former owner still has time to bring an action to nullify the sale.
However, after the prescriptive period has passed, and the former owner no longer has a right to bring an action to nullify the sale, the need to notify him decreases, significantly, which is why, at that point, only, general publication is required and a monition proceeding may be used. Thus, this accomplishes the same purpose as notice of lis pendens. However, the statutes which implement this framework reveal a blatant contradiction in our law, regarding the time periods within which monition proceedings can be instituted.
Our Constitution provides that a tax sale purchaser, such as Mr. Moore, may quiet his tax title “as provided by law.” La.R.S. 47:2228, the procedure for quieting a tax title, gives the method of effecting this process. Namely, a claimant must bring an ordinary action against the former proprietor. This suit may be brought anytime after the three-year redemption period has ended.[16] However, this same statute further provides that a monition proceeding, which requires only a general publication of the sale, may be brought in lieu of the suit to quiet tax title if five years have passed. Specifically, the statute provides:
In all cases where tax titles have been quieted by prescription of five years under the provisions of Section 25 of Article VII of the Constitution of 1974, the purchaser ... may, at his or their option, quiet the title by monition proceeding, as provided by law relative to sher *122 iffs’ sales and tax sales.[17]
(Emphasis added.)
Thus, La.R.S. 47:2228 permits a monition proceeding to be an alternative to the suit to quiet tax title but, only, after five years have passed, rather than the three | Syears required before bringing an action to quiet a tax title.[18] There is a logical explanation for observing different delay periods for these two actions; a grant of monition is easier to obtain than is a judgment to quiet a tax title; yet, both will have the same effect.[19]
Notwithstanding, La.R.S. 13:4951, which provides for such a monition proceeding of a tax sale, reads:
The provisions of R.S. 13:4950 shall be extended to tax sales; provided, that such tax sales are made and recorded at least three years previous to the application for monition. The effect of such proceedings and the judgment rendered therein shall be to confirm the tax sale and to cure all nullities therein, in like manner, and with the same effect as if the proceedings had been had under, and in accordance with, R.S. 47:2228.
(Emphasis added.) Thus, La.R.S. 13:4951 and La.R.S. 47:2228 present an obvious conflict regarding the delay time periods for obtaining a judgment confirming and homologating the sale by monition proceedings.
In reviewing the history of our Constitution and these statutes, we find an explanation for this inconsistency. Under the Louisiana Constitution of 1898, monition proceedings became inapplicable to tax sales, and the Constitution, itself, provided the exclusive procedure for quieting tax titles.[20] The Constitution of 1921 stated that “[t]he manner and notice of form and proceeding to quiet tax titles shall be provided by law,” making the statute, regarding monition procedures, applicable again.[21] However, the 1921 Constitution allowed a one-year redemption period and a three-year prescription period.[22] Therefore, at that time, the three-year period for the monition petition would have coincided with the prescriptive period, rather than the redemption period. Thereafter, in 1932, the Constitution was amended to the [^current three-year and five-year periods.[23] Therefore, when La.R.S. 47:2228, the procedure to quiet tax titles, was enacted in 1934, the Constitution had already been amended to reflect the three-year and five-year time periods, and the legislature drafted the statute to reflect them.
Additionally, in La.R.S. 47:2228, the legislature permitted a purchaser to elect to bring a monition proceeding instead of the action to quiet tax titles “[i]n all cases where tax titles have been quieted by prescription of five years under the provisions of Section 11 of Article X of the Constitution of 1921.” This coincides with the prescriptive period under the Constitution. In 1978, the statute was amended to reflect the change in the Constitutional provisions from this section to “Section 25 of Article VII of the Constitution of 1974;” however, neither this amendment nor the 1974 Constitution altered the time periods, in question; nor did either reflect any *123 substantive changes that are relative to our analysis in this case.
Accordingly, we find that the history of this statutory scheme reveals that the legislature intended that the delay for bringing a monition proceeding, as an alternative to a suit to quiet tax titles, should coincide with the five-year prescriptive, as opposed to the three-year redemption period; and La.R.S. 13:4951, simply, was never amended to reflect the prescriptive period after it had been amended in the Constitution.
Additionally, we must presume that the legislature intends to achieve a consistent body of law.[24] Therefore, the only logical explanation is that the legislature meant for the monition proceeding to be available as an alternative to quieting a tax title, only, after the prescriptive period has passed. Moreover, La.R.S. 47:2228, providing for the five-year delay period for monition proceedings, was enacted after La.R.S. 13:4951. Thus, La.R.S. 47:2228 supersedes La.R.S. 13:4951. When two statutes are so blatantly contradictory, as these two, the later statute must govern.[25]
|7As a matter of law, we find that Mr. Moore’s petition for monition was premature. Therefore, the court should not have rendered the judgment, confirming and homologating the tax sale by monition.
Ordinarily, once such a judgment is obtained, it stands as conclusive proof that the tax sale was lawfully made and serves to preclude the receipt of evidence to the contrary.[26] However, the judgment cures, only, relative nullities, if any, concerning the tax sale[27] as opposed to absolute nullities, which, by definition, may not be cured by confirmation.[28] Thus, the judgment would not preclude Mr. Gunter from attacking the sale, based on him not having received notice, because this court has classified lack of notice as an absolute nullity.[29] Specifically, at one time, this circuit acknowledged that “[t]he effect of Mennonite Board of Missions v. Adams, which elevated notice to a due process level, has caused the First, Second and Third Circuits of this state to believe that lack of notice is an absolute nullity.”[30] Although in subsequent cases, this court has been more reluctant to classify the nullity as one type or the other,[31] it has, specifically, held that even where the indebted taxpayer comes forward, not only after the three year redemption period but even after the five year prescriptive period, he may attack the sale for lack of sufficient notice.[32]
SuffiCienCy of Notice
Mr. Gunter attacks the sale, arguing that the sheriff, as ex-officio tax collector, did not take reasonable, additional efforts to notify him once the sheriffs initial I «notice to him was returned as unclaimed. *124 La.R.S. 47:2180 permits notice of the tax delinquency to be sent by certified mail. This court has indicated that when the sheriff sends notice to the known, correct address of the tax debtor with return receipt requested, he has made a reasonable effort, and the tax sale will not be invalidated simply because the debtor does not actually receive the notice.[33]
Nonetheless, this court has, also, instructed that while it is not necessary that the property owner, actually, receive notice of the impending sale of his property,[34] to satisfy his due process rights, he is entitled to “notice reasonably calculated, under all circumstances to apprise [him] of the pendency of the action and afford [him] an opportunity to present [his] objections,” if his “name and address are reasonably ascertainable.”[35] In fact, this circuit dictates that in a case where notice is returned as undelivered, the sheriff must take “additional reasonable steps to notify the taxpayer of the delinquency”[36] to satisfy this requirement, and “failure to perform this obligation renders a tax sale null and void.”[37] (Emphasis added.)
Mr. Gunter argues that whether the Sheriff made reasonable, diligent efforts to locate him or to ascertain his mailing address can only be determined by a trial on the merits. While we do not agree that such a determination can never be made, absent a trial, we do agree that summary judgment was inappropriate in the case at bar because Mr. Moore did not offer sufficient evidence that the sheriffs efforts conformed to the jurisprudential requirements.
Burden of Proof
Mr. Moore points out that Mr. Gunter has not provided depositions, affidavits, or other evidence that the sheriff did not make reasonable, diligent efforts to apprise | sMr. Gunter of his property’s pending sale; instead, he, merely, rests on the allegations in his petition. He implies that Mr. Gunter had the burden of proof in Mr. Moore’s motion for summary judgment. Further, Mr. Moore submits that he has negated Mr. Gunter’s allegation by presenting factual evidence that the delinquency notice was attempted at the address on record for him on, at least, three occasions. Accordingly, he argues that this evidence shifts the burden of production to Mr. Gunter, requiring him to produce factual support, indicating that he will be able to satisfy his burden of proving that the sheriff was not diligent in attempting to notify him.[38]
Given the jurisprudence, we cannot agree. As the movant, Mr. Moore has the burden of proving that there are no genuine issues of material fact, regarding the validity of the tax sale.[39] Only then, does the burden shift to Mr. Gunter.[40] Since Mr. Moore did not provide the trial court with evidence of any additional steps the sheriff took to notify Mr. Gunter, Mr. *125 Moore did not sufficiently satisfy his burden of proof to shift the burden of production to Mr. Gunter. Thus, we hold that this is a genuine issue of material fact in dispute which precludes the grant of summary judgment.
CONCLUSION
We find that Mr. Moore did not meet his burden of proof of providing sufficient factual evidence, regarding the sheriffs adequate efforts to notify Mr. Gunter of the tax delinquency and sale of his property. Additionally, since the judgment of monition was improperly granted, it cannot cure the alleged defect in notice. Therefore, we reverse the grant of summary judgment. We assign the costs for this appeal to Appellee, Mr. Moore.
REVERSED AND REMANDED.

. La. Const, art. VII, § 25(B).

. La. Const, art. VII, § 25(C).

. Seaman v. Howard, 98-1492 (La.App. 3 Cir. 6/2/99); 743 So.2d 694, writ denied, 99-1901 (La. 10/29/99); 748 So.2d 1165.

. La.Code Civ.P. art. 966(C).

. Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97); 702 So.2d 323.

. La.R.S. 47:2228.

.La.R.S. 13:4951.

. Id.

. La.R.S. 13:4945.

. Land Co., Inc. v. Rudd, 193 So. 230 (La. App. 2 Cir. 1939).

. La.R.S. 13:4941.

. Land, 193 So. 230.

. Black's Law Dictionary 932 (6th ed.1990).

. La.R.S. 47:2228.

. Id.

. Id.

. Id.

. See Securities Mortgage Co., Inc., v. Triplett, 374 So.2d 1226 (La. 1979).

. La.R.S. 47:2228.

. See Stubbs v. Nylka Land Co., 1913, 11 Orleans App. 21.

. La. Const. 1921 art. X, § 11.

. Id.

. La. Const.1921 art. X, § 11 (amended 1932).

. Downs v. J & J Maintenance, Inc., 97-511 (La.App. 3 Cir. 10/8/97); 702 So.2d 845.

. Id.

. La.R.S. 13:4946; La.R.S. 13:4947.

. Buillard v. Davis, 185 La. 255, 169 So. 78 (1936), overruled on other grounds by Ugulano v. Allstate Ins. Co., 367 So.2d 6 (La.1978).

. Baptiste v. Shuler, 01-1127 (La.App. 3 Cir. 3/6/02); 809 So.2d 1210, writ denied, 02-989 (La.6/7/02); 808 So.2d 770.

. State through DOTD v. Knight, 93-767 (La. App. 3 Cir. 2/2/94); 631 So.2d 714, writ denied, 94-571 (La.4/22/94); 637 So.2d 161.

. Id.

. Dockery v. DuPont, 93-1021 (La.App. 3 Cir. 4/6/94); 635 So.2d 679.

. Id.

. Estate of Willis v. Cairns, 630 So.2d 805 (La.App. 3 Cir. 1993).

. Security First Nat’l Bank v. Murchison, 98-1225 (La.App. 3 Cir. 3/17/99); 739 So.2d 803, writ denied, 99-1712 (La.10/15/99); 748 So.2d 1147.

. Smith v. Brooks, 97-1338, p. 3 (La.App. 3 Cir. 4/15/98); 714 So.2d 735, 736, (quoting Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180(1983)).

. Constance v. Sudwischer, 502 So.2d 609, 613 (La.App. 3 Cir.), writ denied, 503 So.2d 1019 (La.1987).

. Cairns, 630 So.2d at 807.

. La.Code Civ.P. art. 966(C)(2).

. Id.

. Townley, 702 So.2d 323.